**In re VIOLATION OF RULE 50.**

**Miscellaneous No. 457.**

United States Court of Appeals, Federal Circuit.

March 20, 1996.

Before ARCHER, Chief Judge, RICH, NEWMAN, MAYER, MICHEL, PLAGER, LOURIE, CLEVENGER, RADER, SCHALL, and BRYSON, Circuit Judges.

Opinion for the court per curiam, in which ARCHER, Chief Judge, RICH, NEWMAN, MICHEL, PLAGER, LOURIE, CLEVENGER, RADER, SCHALL, and BRYSON, Circuit Judges, join. MAYER, Circuit Judge, dissents.

PER CURIAM.

Counsel for appellees in Case Nos. 93–1275 and 94–1309 filed a petition for rehearing and suggestion for rehearing *in banc*. During the time that case was pending in this court one of the attorneys listed on the petition had served as a law clerk to a judge of this court who was not on the panel assigned to hear the case. After the petition was filed but on the same day, the law firm employing that law clerk realized that the participation by the law clerk in the preparation and filing of the petition constituted a violation of Rule 50 of this court. Rule 50 provides:

> No employee of the court shall engage in the practice of law. No former employee of the court shall participate or assist, by way of representation, consultation, or otherwise, in any case pending in the court during the period of employment.

The firm promptly notified the clerk's office by phone of this admitted violation of the rule and followed it up by letter with attached declarations explaining the circumstances surrounding the violation. The court thereafter issued an order to show cause why the petition should not be rejected because of the infraction. After reviewing the response and that of the opposing party, and concluding that no prejudice or harm to the opposing party occurred, the court accepted the petition for filing. The court ultimately declined rehearing and *in banc* consideration. During these proceedings consideration of the violation of Rule 50 was deferred.

This court has determined *sua sponte* that the question of further action on the Rule 50 violation should be considered *in banc*.

Rule 50 serves both to prevent the improper subsequent use of information gained by a law clerk or other employee while employed by the court, and to preserve the image of the court as an institution free from any doubt as to the propriety of actions taken by its former employees. In this case, we emphasize that the law firm promptly brought to the court's attention the violation of the rule, and provided the court with sworn declarations to demonstrate that the violation was inadvertent and unintended.

Nonetheless, the violation of Rule 50 by the former law clerk and the failure of the law firm to give adequate attention to this court's rules to prevent such an infraction are considered serious and cannot be overlooked by this court. Rule 50 imposes a clear, unambiguous obligation on a former clerk. Moreover, the court provides each departing law clerk with a list of all cases pending in the court during the clerk's em-

ployment, which is a reminder of the Rule 50 restrictions. Similarly, every non-government attorney appealing to this court is provided a copy of the court's rules and is expected to be fully familiar with all of them. In this case, knowledge of Rule 50 by the involved lawyers is clear but the former law clerk and the supervising attorneys did not timely observe that rule and prevent the violation.

The declarations filed under oath by the attorneys involved demonstrate that neither the former law clerk nor the firm put procedures in place adequate to guard against a Rule 50 violation. We consider it negligent conduct for attorneys to be inattentive to a rule that is so important to the integrity of this court and the judicial system. Because this violation would not have occurred if appropriate precautions had been taken either by the firm or the former law clerk, strong admonishment of the attorneys involved is clearly warranted.

Because the violation in this case was promptly and candidly disclosed, the conduct was apparently inadvertent and unintentional, though negligent, and there was no harm or prejudice to the other party, we have determined that sanctions will not be imposed for this Rule 50 violation. In reaching this decision, we also take into account the further fact that the court has not had this situation arise before and has not previously indicated how seriously the court views a Rule 50 violation by a former clerk. This opinion is issued to provide notice that appropriate sanctions may be expected if a future violation of Rule 50 occurs.

MAYER, Circuit Judge, dissents from the process and the disposition of this matter.