# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS No. 774

IN RE VIOLATION OF RULE 28(c)

Blas P. Arroyo, Alston & Bird LLP, of Charlotte, North Carolina, for defendant/counterclaimant cross-appellant, The Esab Group, Inc. Of counsel was Richard M. McDermott.

Edward A. Haffer, Sheehan Phinney Bass & Green, PA, of Manchester, New Hampshire, for plaintiff/counterclaim defendant-appellant, Centricut, LLC (New Hampshire), and counterclaim defendant-appellant, Centricut, LLC (Delaware). Of counsel were Michael J. Bujold and Neal E. Friedman, Davis & Bujold, P.L.L.C., of Manchester, New Hampshire.

Appealed from:    United States District Court for the District of New Hampshire

Judge Steven J. McAuliffe

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS No. 774

IN RE VIOLATION OF RULE 28(c)

Before MICHEL, CLEVENGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## ORDER

On September 10, 2004, at oral argument in <u>Centricut LLC v. Esab Group, Inc.</u> (Nos. 03-1574, -1614), this court issued an order to Blas P. Arroyo, counsel for The Esab Group, Inc. ("counsel"), to show cause why sanctions should not be imposed for the filing of a Cross-Appellant's Reply Brief in violation of Fed. R. App. P. 28(c). Counsel submitted a written response urging that the filing of a non-conforming Reply Brief, while in violation of Rule 28(c), did not merit sanctions. We conclude that sanctions are not warranted in this case. However, in the future, similar violations of the Federal Rules of Appellate Procedure, or of our Local Rules of Practice, will likely result in sanctions.

## DISCUSSION

The underlying case here involves a suit for patent infringement brought by The Esab Group, Inc. ("Esab") against Centricut LLC (New Hampshire) and Centricut LLC (Delaware) (collectively "Centricut"). Following a bench trial, the district court found infringement and granted damages in favor of Esab. Centricut appealed from the judgment of infringement and objected to the measurement of damages. Esab cross-

appealed, seeking to modify the judgment on damages. The merits of the appeal and cross-appeal have not been decided.

Rule 28(c) of the Federal Rules of Appellate Procedure provides, in pertinent part: "An appellee who has cross-appealed may file a brief in reply to the appellant's response to the issues presented by the cross-appeal." Rule 28(c) limits the content of Cross-Appellant's Reply Brief to "issues presented by the cross-appeal," and the Practice Notes promulgated by this court explicitly warn cross-appellants against exceeding the scope of Rule 28:

> [C]ounsel are cautioned, in cases involving a proper cross-appeal, to limit the fourth brief to the issues presented by the cross-appeal. In all cases, counsel should be prepared to defend the filing of a cross-appeal and the propriety of arguments presented in the fourth brief at oral argument.

Federal Circuit Rule 28 (2004) and Practice Note (Cross-Appeals). In large part, the Cross-Appellant's Reply Brief filed by Esab addressed issues pertinent only to the main appeal. Indeed, counsel for Esab conceded during oral argument that the vast majority of the Cross-Appellant's Reply Brief—roughly 20 of the brief's 23 pages— addressed issues relating only to the main appeal and not to the cross-appeal.

Contrary to counsel's argument that there is a lack of clarity in the rules concerning cross-appeal reply briefs, the language of Rule 28(c) is perfectly clear. The reply brief in the cross-appeal must be limited to cross-appeal issues and must not again address the main appeal. The fact that Federal Circuit Rule 31, which governs this court's procedures for filing briefs (including cross-appeal reply briefs) does not explicitly reference Rule 28's content limitations is of no import. Rule 28 is clear, and must be complied with.

Misc. No. 774                                    2

This court has authority to impose sanctions for violations of the Federal Rules of Appellate Procedure or of its own rules. Federal Rule of Appellate Procedure 46(c) provides that a "court of appeals may discipline an attorney who practices before it . . . for failure to comply with any court rule."[1]

We accept counsel's representation that the violation of Rule 28(c) in this case was inadvertent. So far as we have been able to determine, this court has not in the past exercised its authority to impose sanctions for "inadvertent" violations of applicable court rules. Under these circumstances, we conclude that the imposition of sanctions in this case is not appropriate. However, we wish to make clear that it is the duty of counsel to familiarize themselves with applicable rules, and that, in future cases, serious violations of applicable rules, whether or not "inadvertent," will potentially subject counsel to sanctions.

This court, in order to get its work done, must insist on strict compliance with its rules. Violations of Rule 28(c)—and of other procedural rules such as Federal Circuit Rule 47.6 which prohibits the citation of nonprecedential opinions, or the rules governing situations in which a cross-appeal is appropriate—are all too frequent. In addition to imposing an unfair burden on opposing parties, violations of our rules also burden the court. The court must consider a large number of appeals each year. It can only

---

[1]     Federal Rule of Appellate Procedure 46(c) provides in its entirety:

> Discipline: A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule. First, however, the court must afford the attorney reasonable notice, an opportunity to show cause to the contrary, and if requested, a hearing.

conduct its work fairly and efficiently if counsel cooperate by abiding by the pertinent rules.

Accordingly,

IT IS ORDERED THAT:

No sanctions be imposed in the present case.

FOR THE COURT


Nov-5 2004    
Date

S/ Jan Horbaly    
Jan Horbaly  
Clerk


Misc. No. 774                 4