# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1917

DONALD L. DINGESS,                                                             APPELLANT,

    AND

No. 02-1506

MARCELLUS S. HARTMAN,                                                  APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                            APPELLEE.

Before IVERS, *Chief Judge*, and STEINBERG, GREENE, KASOLD, and HAGEL, *Judges*.

## O R D E R

On November 17, 2004, the National Organization of Veterans' Advocates (movant) as amicus curiae, filed before the Court a motion for leave to file a nonconforming brief. The movant lodged the nonconforming brief on that date as well. The movant acknowledges that the brief does not comply with Rules 29(b) and 32(g) of the Court's Rules of Practice and Procedure (Rules), because the brief exceeds by 17 pages the 30-page limit set forth in the Rules. The movant asserts that the reason for submitting a longer brief is that this case involves "issues of fundamental and serious importance that have troubled this Court for [] four years." Motion at 2. In order to help the Court with these issues, the movant has used in the brief "unusual techniques to help the Court with these issues, including fictional colloquies to illustrate the [Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000)] VCAA notification process." Motion at 3.

The Secretary filed an opposition to the motion on November 17, 2004. The Secretary points out that, to date, neither *Dingess* nor *Hartman* has involved briefs that exceed the page limit prescribed in the Court's Rules, and, in particular, no party has seen the need to use "unusual techniques" or "fictional colloquies" in making arguments. Secretary's Opposition at 1-2. However, because the Court finds that this case involves "issues of fundamental and serious importance," the Court will allow an exception for this particular pleading. *See* Motion at 2.

Upon consideration of the foregoing, it is

ORDERED that the motion for leave to file a nonconforming brief is GRANTED. The brief is filed as of the date of this order.

DATED:   November 23, 2004                          PER CURIAM.

HAGEL, *Judge*, concurring: In light of the relatively short time period remaining for amicus curiae to conform its brief to the Court's Rules due to the Court's scheduling of oral argument in this case, I am inclined to accept the brief as it is. Under other circumstances, however, I would concur with Judge Kasold.

KASOLD, *Judge*, dissenting: I respectfully dissent from the Court's grant of the opposed motion by the National Organization of Veterans' Advocates (NOVA), amicus curiae in this matter, for leave to file a brief totaling 47 pages, well in excess of the 30-page limit set forth in our Rules. NOVA asserts that its excessive brief is necessary because this case involves "issues of fundamental and serious importance," but virtually every en banc case involves important issues. NOVA further asserts that its brief makes "liberal" use of "white spaces" and uses a larger font than required, and makes use of "unusual techniques" and "fictional colloquies" in the argument, but NOVA fails to state why these techniques are needed to adequately address the issues. Indeed, the parties in these consolidated appeals all have submitted briefs in full compliance with our Rules.

I am mindful of the benefit to the Court of the arguments of amicus curiae, especially in matters of considerable difficulty. However, the Court, "in order to get its work done, must insist on strict compliance with its [R]ules. Violations of [the Rules] . . . are all too frequent. In addition to imposing an unfair burden on opposing parties, violations of our [R]ules are also a burden on the [C]ourt. The [C]ourt must consider a large number of appeals each year. It can only conduct its work fairly and efficiently if counsel cooperate by abiding by the pertinent [R]ules." *In re Violation of Rule 28(c)*, Misc. No. 774, 2004 U.S. App. LEXIS 23053, at *5 (Fed. Cir. Nov. 5, 2004).

I believe the better practice would be to grant leave to file a conforming brief within an abbreviated period. *See* U.S. VET. APP. R. 47(k).

For the foregoing reasons, I respectfully dissent.