KASOLD, Judge,
dissenting:
I respectfully dissent from the Court’s grant of the opposed motion by the National Organization of Veterans’ Advocates (NOVA), amicus curiae in this matter, for leave to file a brief totaling 47 pages, well in excess of the 30-page limit set forth in our Rules. NOVA asserts that its excessive brief is necessary because this case involves “issues of fundamental and serious importance,” but virtually every en banc case involves important issues. NOVA further asserts that its brief makes “liberal” use of “white spaces” and uses a larger font than required, and makes use of “unusual techniques” and “fictional colloquies” in the argument, but NOVA fails to state why these techniques are needed to adequately address the issues. Indeed, the parties in these consolidated appeals all have submitted briefs in full compliance with our Rules.
I am mindful of the benefit to the Court of the arguments of amicus curiae, especially in matters of considerable difficulty. However, the Court, “in order to get its work done, must insist on strict compliance with its [R]ules. Violations of [the Rules] ... are all too frequent. In addition to imposing an unfair burden on opposing parties, violations of our [R]ules are also a burden on the [C]ourt. The [C]ourt must consider a large number of appeals each year. It can only conduct its work fairly and efficiently if counsel cooperate by abiding by the pertinent [R]ules.” In re *512 Violation of Rule 28(c), 388 F.3d 1383, 1385 (Fed.Cir.2004).
I believe the better practice would be to grant leave to file a conforming brief within an abbreviated period. See U.S. Vet.App. R. 47(k).
For the foregoing reasons, I respectfully dissent.