NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1221

GEORGE PIECZENIK,

Plaintiff-Appellant,

v.

DYAX CORPORATION,

Defendant-Appellee.

———————————

DECIDED:  December 16, 2004

———————————

Before SCHALL, BRYSON, AND DYK, <u>Circuit Judges.</u>

PER CURIAM.

## DECISION

George Pieczenik appeals the decision of the United States District Court for the District of Massachusetts denying his motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based upon alleged newly-discovered evidence.  <u>Pieczenik v. Dyax Corp.</u>, No. 00-CV-11370 (D. Mass. Oct. 23, 2003).  We <u>affirm</u>.

## DISCUSSION

### I.

In his Rule 60(b) motion, which was styled a "Motion for Reconsideration," Dr. Pieczenik asserted that certain material he obtained in litigation pending in the Southern District of New York established the falsity of the February 6, 2003 affidavit of Robert C. Ladner, the Senior Vice President and Chief Scientific Officer of Defendant-Appellee Dyax Corporation ("Dyax"). Dyax submitted Dr. Ladner's affidavit in support of its opposition to Dr. Pieczenik's motion for summary judgment and its cross-motion for summary judgment of non-infringement. After considering the motions, the district court granted summary judgment in favor of Dyax, ruling that Dyax did not infringe the three patents asserted by Dr. Pieczenik against Dyax, U.S. Patent Nos. 4,359,535 (the "'535 patent"), 4,528,266 (the "'266 patent"), and 5,866,363 (the "'363 patent"). Pieczenik v. Dyax Corp., 226 F. Supp. 2d 314 (D. Mass. 2003). In a non-precedential decision dated September 23, 2003, we affirmed the district court's decision. Pieczenik v, Dyax Corp., 76 Fed. Appx. 293 (Fed. Cir. 2003).

### II.

Rule 60(b) provides, in relevant part, that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" under specified circumstances, including: "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." In an appeal involving a Rule 60(b) motion based upon alleged newly-discovered evidence we generally apply the law of the appropriate regional circuit: in this case, the First Circuit. Lans v. Digital Equip. Corp.,

252 F.3d 1320, 1326, 1329 (Fed. Cir. 2001). In the First Circuit, to succeed on a Rule 60(b) motion on the grounds of newly-discovered evidence, the moving party must show that its motion is timely, that "exceptional circumstances" exist to warrant the relief sought, that the opposing party will not experience unfair prejudice if the motion is granted, and that vacating the final judgment "will not be an empty exercise." Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 & n.3 (1st Cir. 1992).

The alleged newly-discovered evidence upon which Dr. Pieczenik relied was a sales record from New England Biolabs ("NEB"). The sales record showed that Dyax purchased three different commercially-available phage display libraries from NEB. In his Rule 60(b) motion, Dr. Pieczenik argued as follows:

> On February 6, 2003, Robert Ladner filed an affidavit (Appendix C-Paragraph 8) with this Court swearing under penalty of perjury that the NEB libraries were "made, used or sold before February 2, 1999" implying that they were not used but after February 9, 1999 when the Pieczenik '363 patent issued. The combinatorial libraries he lists in his 2nd affidavit include libraries up to the number 81. The NEB libraries are libraries 79, 80, and 81 in his Exhibit A and all but one were sold to Dyax **after** the Pieczenik '363 patent issued **not before** as his affidavit swears. One may argue that this perjury is *de minimus* as there is a license between Plaintiff and NEB. However, NEB's has [sic] a license for sales for research purposes only in limited areas with Plaintiff which commenced on April 3, 2000. (Appendix E) The requirement to license the '363 patent upon purchase of the NEB libraries is indicated in Appendix D in the NEB sales literature and bolded for identification.
> However, the NEB sales record invoice number 455757 (1st item listed) of the Ph. 7 phage combinatorial library which was sold to Dyax (8/9/1999) **after the Pieczenik patent issued** (2/2/1999) and **before the license between NEB and Pieczenik was signed** on 4/3/2000 (Appendix C and E).

(emphasis in original).

We see no error in the decision of the district court denying Dr. Pieczenik's Rule 60(b) motion. First, we have difficulty seeing how the NEB sales record qualifies as newly-discovered evidence for purposes of Rule 60(b). Dr. Ladner identified the NEB libraries in his February 6, 2003 affidavit. Yet, Dr. Pieczenik never sought additional discovery in response to Dr. Ladner's motion. Significantly, he did seek and obtain discovery from NEB in the Southern District of New York litigation pursuant to a subpoena. There is no reason to think that he was barred from pursuing a similar course in this case. Second, Dr. Pieczenik does not proffer how the alleged newly-discovered evidence could disturb the district court's rulings on issues such as claim construction. This court cannot accept a proffer of alleged newly-discovered evidence as an invitation to reargue all of the issues previously decided by the district court and affirmed by this court, issues on which the alleged new evidence would have no bearing.

We have considered Dr. Pieczenik's other arguments but have found them to be without merit.

For the foregoing reasons, the decision of the district court is affirmed.[1]

---

[1] In denying Dr. Pieczenik's Rule 60(b) motion, the district court stated, "Dyax Corp. is excused from responding to any further filings by Dr. Pieczenik unless directed to do so by the court." Pointing to material in the record before us and to certain statements in Dr. Pieczenik's main brief, Dyax asks us to issue a similar order for this court. We decline to do so. The filings that may be made in this court are governed by the Federal Rules of Appellate Procedure and the Rules of the Federal Circuit. Filings not contemplated by the applicable rules are subject to rejection. See Lemelson v. United States, 752 F.2d 1538, 1553 (Fed. Cir. 1985) (refusing to entertain arguments not in compliance with Federal Rules of Appellate Procedure); see also In re Violation of Rule 28(c), 388 F.3d 1383, __ (Fed. Cir. 2004) ("This court has authority to impose sanctions for violations of the Federal Rules of Appellate Procedure or of its own rules.").