# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-3315

JAMES A. POUSSON, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, DAVIS, and SCHOELEN, *Judges*.

(Argued December 16, 2008                                         Decided March 26, 2009)

## O R D E R

This matter comes before us because the Secretary failed to timely file the designation of record (DOR) by January 18, 2008, as required by Rule 10 of the Court's Rules of Practice and Procedure ("Court's Rules") (Secretary must file DOR no later than 60 days after Notice of Appeal is filed, which in this case was filed on October 23, 2007). Over the ensuing months, and in lieu of filing the DOR, the Secretary filed two motions seeking an extension of time because the Office of General Counsel (OGC) had not yet received the DOR. These motions did not explain why the OGC had not yet received the DOR or otherwise indicate that the underlying claims file might be missing.

The Clerk of the Court granted the first motion pursuant to the Court's Rules. U.S. VET. APP. R. 45(g)(4). However, the second motion sought an extension of time that exceeded the Clerk's authority under the Court's Rules. A single judge ordered the Secretary to file the DOR by May 5, 2008. U.S. VET. APP. R. 26(b) and 45(g)(4). On that date, the Secretary notified the Court and Mr. Pousson that the claims file apparently was lost, and the Secretary filed a unilateral motion for remand. Several exhibits were filed with the motion for remand. One exhibit indicates that the claims file was noted to be at the Appeals Management Center (AMC), and another exhibit – an unsworn, self-described affidavit – states that an otherwise unspecified "exhaustive search" had been conducted at the AMC and that it had been determined that the claims file was lost and would need to be reconstructed. Unilateral Motion for Remand, Exhibits 4 and 2, respectively.

Without Mr. Pousson's file, neither the DOR nor the record of appeal (ROA) could be prepared and submitted for filing with the Court as required by the Court's Rules. U.S. VET. APP. R.

10 and 11 (rules in effect for appeals filed before March 31, 2008). The DOR forms the basis for the ROA, which is essential to judicial review. *See* 38 U.S.C. § 7252(a), (b) (stating the Court's exclusive jurisdiction to review Board decisions will be based "on the record of the proceedings before the Secretary and the Board"). This appeal was submitted to a panel with oral argument to address the consequences of the lost file, to include the need to reconstruct the file and the ability or inability to completely reconstruct it and the effect on the processing of the claim, and to fashion an appropriate remedy for the Secretary's failure to properly maintain the claims file.[1] Additionally, the matter was stayed so that Mr. Pousson, who was unrepresented could retain counsel. Amicus curiae also were invited to address the issue of the appropriate remedy when the Secretary has lost the claims file.[2] Upon retaining representation, Mr. Pousson opposed the Secretary's motion for remand.

With regard to the appropriate remedy for a lost claims file, the Secretary argues that reconstruction of the file and remand for readjudication constitute the appropriate remedy, and that sanctions are neither warranted nor permissible under the facts of this case. Mr. Pousson argues that the matter should not be remanded, that a reconstructed record should be filed promptly, and that sanctions should be imposed, to include (1) an adverse inference against the Secretary for spoliation of the file as to any missing evidence required to resolve the appeal, (2) a monetary fine payable to the Court, in addition to an award of attorney fees and costs, and (3) a monetary fine of $3,000 payable to Mr. Pousson for the delay in processing his appeal.

The Paralyzed Veterans of America (PVA) filed an amicus brief suggesting that the Court remand this matter, but retain jurisdiction and award monthly interim benefits – subject to repayment if Mr. Pousson did not prevail on the merits – until the Secretary filed the ROA. Similarly, the National Organization of Veterans Advocates Inc. (NOVA) suggests as an appropriate remedy that the matter be remanded and jurisdiction retained, but opines that interim benefits were not appropriate because the issue was an earlier effective date rather than service connection. NOVA

---

[1] Judicial notice also is taken that the Secretary's loss of a claims file associated with an appeal before the Court, although infrequent, is not an isolated event.

[2] Amici are commended for responding to the call for briefing on this matter. As always, they perform a valuable service to the Court.

also suggests that sanctions be imposed against the Secretary based upon the Court's statutory authority as provided in 38 U.S.C. § 7265. Finally, amicus Anthony Hayes suggests the award of nonrepayable interim benefits and the imposition of an adverse inference against the Secretary.

Almost 11 months after the DOR was due to be filed, over 7 months after the Secretary informed the Court and Mr. Pousson that the claims file had been lost, and just 4 days before the date set for oral argument, the Secretary informed the Court and Mr. Pousson that the claims file was located at the AMC. The Secretary moved to withdraw his motion for remand. He also filed a motion for leave to file the DOR, submitted the DOR for filing, and filed a motion to stay the proceedings pending a decision in another panel case for which supplemental briefing had been sought on an issue the Secretary believes might affect this matter. *See Brokowski v. Peake*, No. 07-0349, 2008 U.S. Vet.App. LEXIS 1430 (Nov. 19, 2008). On February 4, 2009, the Secretary submitted for filing what purports to be the ROA.

Mr. Pousson opposes the motion to withdraw the motion for remand on the grounds that it is an attempt to avoid sanctions. He opposes the motion to file the DOR, and requests that the DOR be stricken because he argues it does not contain documentary evidence mentioned in the Board decision and because the Secretary's representations regarding his continued efforts to find the file were misleading. At oral argument, Mr. Pousson acknowledged that objections to the DOR were premature since he had not had an opportunity to review the claims file or prepare his counter-designation of the record (CDR). *See* U.S. VET. APP. R. 10 (preparing the CDR occurs before disputes as to content of the record).

## MOTIONS TO STAY PROCEEDINGS, REMAND, WITHDRAW REMAND, FILE DOR

In light of the significant delay in the processing of this appeal, the Secretary's motion for stay will be denied. Because the claims file has been located and the DOR submitted for filing, the motion for remand will be denied as moot, rendering moot the motion to withdraw the motion for remand. Mr. Pousson's objection to the filing of the DOR being premature, the motion to file the DOR will be granted, and the Clerk of the Court will be directed to file it. Moreover, because the ROA is not to be filed until after the DOR has been submitted and all disputes as to the content of the ROA have been resolved, *see* U.S. VET. APP. R. 10 and 11, the Clerk will be directed to return

3

the purported ROA.

## APPROPRIATE REMEDY

### A. Authority

Like other Federal courts, this Court possesses the inherent as well as the statutory authority to impose sanctions. *See Roadway Express Inc., v. Piper*, 447 U.S. 752, 764 (1980) ("The inherent powers of federal courts are those which 'are necessary to the exercise of all others.' The most prominent of these is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court. . .'"quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812) and *Cooke v. United States*, 267 U.S. 517, 539 (1925)); *Jones v. Derwinski*, 1 Vet.App. 596, 606 (1991); *see also* 18 U.S.C. § 401 and 38 U.S.C. § 7265.

Although the imposition of sanctions "must take care to determine that the conduct at issue actually abused the judicial process," *Jones v. Derwinski*, 1 Vet.App. at 606, such action is not limited, as the Secretary argues, to circumstances involving bad faith. Rather, pursuant to statute alone, sanctions are permissible when there is 1) "misbehavior" before the Court "or so near thereto as to obstruct the administration of justice," or 2) "misbehavior of any of its officers in their official transactions" or 3) "disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 38 U.S.C. § 7265.[3] Although bad faith and willfulness are elements of criminal contempt, such intentions are not required for civil contempt. *United States v. Saccoccia*, 342 F. Supp. 2d 25, 30 (D. R.I. 2004) ("Willfulness is an element of criminal contempt, but not civil contempt . . . . [I]n the case of civil contempt, specific intent to violate the order is not required.") (citations omitted)), *rev'd on other grounds*, 433 F.3d 19 (1st Cir. 2005). Similarly, while bad faith may be a prerequisite to sanctions under a court's inherent authority, *see Roadway Express*, 447 U.S. at 767, the language of section 401(a) allows for sanctions for civil contempt without a finding of bad faith or willfulness, *see Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F. Supp. 2d 509, 515

---

[3] The full text of 38 U.S.C. § 7265 (a) states: "The Court shall have the power to punish by fine or imprisonment such contempt of its authority as – (1) misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) misbehavior of any of its officers in their official transactions; (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command." *See also* 18 U.S.C. § 401 (identical authority for all courts of the United States).

(E.D. N.Y. 2004) ("Under 18 U.S.C. § 401(3), the [C]ourt is empowered to enforce compliance with its orders through civil contempt."); FEDERAL JUDICIAL CENTER, BENCHBOOK FOR U.S. DISTRICT COURT JUDGES, § 702 (5th ed. 2007) (stating that 18 U.S.C. § 401(3) "does have some application to civil contempt"). Inasmuch as our sanctions statute, 38 U.S.C. § 7265(a)(3), mirrors the federal courts' general sanctions statute, 18 U.S.C. § 401(3), we are guided by our sister Federal court's interpretations of their sanctions statute. *Cf. CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951, 1956 (2008) (construing sister statutes with common language, origin, and purpose the same).

At a minimum "[t]here are three essential elements [that] must be established before a party can be held in civil contempt: 1) there must be an order that is 'clear and unambiguous,'; 2) the proof of non-compliance with that order must be "clear and convincing,"; and 3) it must be shown that the contemnor has not "been reasonably diligent and energetic in attempting to accomplish what was ordered."" *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 63 (E.D. N.Y. 2008) (quoting *Powell v. Ward*, 643 F.3d 924, 931 (2nd Cir. 1981) (citations omitted); *see also TMT N. Am., Inc. v. The Magic Touch GmbH*, 57 F. Supp. 2d 586, 589 (N.D. Ill. 1999). As discussed below with regard to attorney fees and costs (Section B.1), the Secretary's actions in this case constitute gross negligence and a gross lack of diligence in fulfilling the requirements of the Court's Rules –  and a wholly unprofessional and unacceptable "effort" to timely file the DOR –   that have caused an extensive and unwarranted delay in the processing of Mr. Pousson's appeal, as well as extensive briefing by numerous parties and an unnecessary expenditure of judicial resources. Such actions exceed, by clear and convincing evidence, the minimum requirements for sanctions, and we need not further examine the full scope of our inherent or statutory authority.

B. Sanctions

*1. Attorneys Fees and Costs*

The two motions requesting extensions of time to prepare the DOR, submitted while the underlying claims file was "not known to be" missing, reflect, at best, a gross lack of diligence in attempting to comply with Rule 10, which required the Secretary to file the DOR, in this instance, no later than January 18, 2008. In his first motion for an extension of time the Secretary asserted that the DOR had not been filed simply because the Office of General Counsel had not yet obtained the claims file. Secretary's Motion for a Forty Five (45) Day Extension of Time Until March 3, 2008

to File the Designation of Record at 1. The Secretary subsequently filed a second motion for an extension, and stated again as the basis for the request that his counsel had not obtained the file. Secretary's Motion for an Extension of Time until May 15, 2008, to File the Designation of Record at 1. Only after the Court directed the Secretary to file the DOR by certain date did the Secretary inform Mr. Pousson and the Court that the claims file was lost and that the DOR could not be submitted without reconstruction of the claims file.

The cavalier attitude toward preparing the DOR and adhering to the Court's Rules with regard to timely filing is reflected in the attachments to the unilateral motion for remand. As already noted, this motion included an unsigned, self-designated affidavit from an AMC supervisor stating that an "exhaustive search" had been conducted and that the claims file was lost. Unilateral Motion for Remand, Exhibit 2. However, the Secretary did nothing to examine the nature of the "exhaustive search" at AMC, despite the fact that the VA's internal tracking system showed the file to be at AMC since October 2007, with "internal charges" of the file in December 2007 and March 2008. Unilateral Motion for Remand, Exhibit 4. Moreover, counsel for the Secretary could not describe at oral argument the nature of the "extensive search" that had been conducted, evidencing the fact that he never seriously inquired about the reported "exhaustive search.". The bald assertion that an "extensive search" had been conducted within the division of AMC where the claims file was last reported to have been located does not constitute a "reasonably diligent and energetic" effort on behalf of the Secretary and his counsel to comply with the Court's Rules and to fulfil the Secretary's duty thereunder.

Counsel for the Secretary also could provide no specifics with regard to any effort that the Secretary undertook since he filed his May 2008 motion for unilateral remand, and it is quite clear that the Secretary did not diligently search for the claims file until shortly before the date for oral argument, December 16, 2008. Although the Secretary and his staff are commended for finally exercising the diligence and energetic effort called for, there is no excuse for not doing so earlier. *Cf. Friedsam v. Nicholson*, 20 Vet.App. 97, 97 (2006) ("The [C]ourt must consider a large number of appeals each year. It can only conduct its work fairly and efficiently if counsel cooperate by abiding by the pertinent rules.")(citing *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004)).

6

The lack of proper diligence and respect for compliance with the Court's timely filing requirements is the direct and unnecessary cause for almost a year's delay in the processing of Mr. Pousson's appeal, as well as many hours spent by his counsel, amici, and the Court to address this matter. As a sanction designed to encourage continued diligent compliance with the Court's Rules in this case and future cases, and to provide a remedy for the unnecessary effort expended to address the Secretary's lack of diligence, the Secretary will be directed to pay the reasonable attorney fees and costs associated with the adjudication of this matter, as approved by the Court. *See NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981) (noting that a civil contempt action "is a remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as the result of noncompliance."). The monetary limits provided under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), will be applied, absent any significantly cogent reason presented by the parties to do otherwise. *See Jones v. Derwinski*, 1 Vet.App. 596, 608 (1991); *see also* Pub. L. No. 102-572, § 506 (1992) (amending EAJA to clarify that it applies to the Court).

### 2. Monetary Fine and Adverse Inference

Although the Secretary's lack of reasonable diligence and energetic effort to comply with the Court's Rules has interfered seriously with the proper and timely processing of Mr. Pousson's appeal, the Secretary ultimately demonstrated the degree of diligence and effort required of parties and counsel. The DOR has been compiled and submitted for filing, which permits the appeal to proceed. Under the circumstances, a monetary fine, payable to either to the Court or Mr. Pousson, is not deemed appropriate or necessary to secure the Secretary's diligent compliance with the Court's Rules in the future. *See Blevins Popcorn Co.*, *supra*.

Inasmuch as the Secretary has located the claims file and submitted the DOR for filing, and because Mr. Pousson's argument that the DOR is inadequate or that records within the claims file have been lost is premature, his request for the specific sanction of an adverse inference for spoilation of the record is not ripe and will be denied. *See Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (adopting Article III courts case or controversy jurisdictional restraints).

### 3. Interim Benefits

Amici have presented briefs both in support of and against interim benefits, however, Mr. Pousson has not requested such benefits, and we do not believe they are necessary to ensure further

compliance with the Court's Rules or to provide a full remedy to Mr. Pousson. Accordingly, we will not further consider or discuss our possible authority to impose such a sanction.

CONCLUSION

Upon consideration of the foregoing, it is

ORDERED that the motion for remand is DENIED as moot, rendering moot the motion to withdraw the motion for remand, which therefore is also DENIED as moot; it is further

ORDERED that the motion to stay the proceedings is DENIED; it is further

ORDERED that the motion to strike the DOR is not ripe and is DENIED; it is further

ORDERED that the motion to file the DOR is GRANTED; it is further

ORDERED that the purported ROA submitted by the Secretary for filing be returned because it has been filed prematurely; it is further

ORDERED that the time provided by Rule 10(b) for submission of the CDR shall begin on the date of this order, and all other rule-related requirements shall thereafter follow in accordance with the Court's Rules; it is further

ORDERED that sanctions in the form of an adverse inference, monetary fine, or any other sanction other than reasonable attorney fees and costs are DENIED; it is further

ORDERED that the Secretary pay the reasonable attorney fees and costs associated with the adjudication of this matter as submitted to the Court, and served on the Secretary, by Mr. Pousson and amici, and as approved by the Court; it is further

ORDERED that no later than 30 days from the date of this order Mr. Pousson and amici may each submit to the Court and serve on the Secretary an application for attorney fees and costs associated with the adjudication of the matter; and it is further

ORDERED that no later than 30 days from the date of service of an application for attorneys fees and costs, the Secretary may file with the Court and serve on the submitting applicants a response to the application.

DATED:     March 26, 2009                          PER CURIAM.