NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE VIOLATION OF RULE 50

---

Miscellaneous Docket No. 147

---

Decided: April 24, 2013

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

Newman, *Circuit Judge.*

Counsel for the appellant in Appeal No. 2011–1009 has informed the court of a violation of Federal Circuit Rule 50. The panel has assigned a miscellaneous matter number to the violation, and now fully considers the infraction.

## DISCUSSION

Rule 50 is the court's rule governing conflicts of interest pertaining to former court employees. In relevant part, the Rule states:

No former employee of the court may participate or assist, by representation, consultation, or otherwise, in any case that was pending in the court during the period of employment.

Our precedent is clear that Rule 50 must be strictly followed. It serves "both to prevent the improper subsequent use of information gained by a law clerk or

other employee while employed by the court, and to preserve the image of the court as an institution free from any doubt as to the propriety of actions taken by its former employees." *In re Violation of Rule 50*, 78 F.3d 574, 575 (Fed. Cir. 1996) (en banc). If an infraction is discovered, the matter must be promptly and fully explained to the court through sworn declarations to demonstrate that the violation was "inadvertent and unintended," *id.*, after which appropriate sanctions may ensue. *Id.* at 576.

The violation here involved a former law clerk assisting on a matter that was pending during the clerk's employment. In particular, the former clerk, now an attorney in private practice, provided advice surrounding a response brief to a combined petition for rehearing. The matter on which the former clerk provided advice was pending during the clerk's employment at the court.

Two days after the response brief was filed, the Rule 50 violation was brought to the court's attention. Counsel provided three sworn affidavits stating that the error was "inadvertent" and explaining the circumstances. The firm's conflicts manager explained that the former clerk submitted his Disqualification List, but the firm's conflicts team "innocently and inadvertently" failed to identify the particular matter on the former clerk's conflicts report. The former clerk provided a sworn statement that he had no recollection of the matter from his time at the court, and relied on the conflicts staff for his clearance. The responsible partner provided a sworn statement that the former clerk "did not contribute in any way to the text of the brief, either substantively or typographically."

A strong admonishment of the attorneys involved is necessary. Former court employees must be vigilant and use common sense to avoid conflicts such as this one. Here, the appeal number alone should have raised a red flag because it reflects the year of the former clerk's

employment. Although we understand that the firm had a procedure in place and generated a conflicts report to avoid this circumstance, the procedure was obviously flawed in its lack of redundancy. Practicing attorneys rely on such reports at their own peril, and understand that firm negligence may affect client outcomes when there is an appearance of prejudice. We strongly urge former employees to take responsibility to discover conflicts beyond generalized conflicts reports. In this case, minimal investigation was required to discover the conflict.

We decline to levy sanctions because, once discovered, the violation was promptly and properly handled, with adequate assurances that no prejudice resulted. However, we emphasize that this violation was preventable and would not have occurred if appropriate precautions were taken by the firm and the former law clerk.