NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILEAD SCIENCES, INC.,**
*Plaintiff-Appellee,*

**v.**

**SIGMAPHARM LABORATORIES, LLC,**
*Defendant-Appellant.*

---

2014-1456

---

Appeal from the United States District Court for the District of New Jersey in No. 2:10-cv-04931-SDW-MCA, Judge Susan D. Wigenton.

---

**O R D E R**

Federal Circuit Rule 28(d) requires the filing of briefs accessible to the public. Rule 28(d)(1) only permits parties to delete material in publicly filed briefs if such material is "subject to confidentiality mandated by statute or to a judicial or administrative protective order." Federal Rule of Civil Procedure 26(c)(1) requires that protective orders restricting the disclosure of information may only be issued for "good cause." Fed. R. Civ. P. 26(c)(1). Federal Rule of Appellate Procedure 46(c) permits this court "to discipline an attorney who practices before it . . . for failure to comply with any court rule."

Fed. R. App. P. 46(c).  This court has explicitly recognized that, "under Rule 46, it 'has authority to impose sanctions for violations of the Federal Rules of Appellate Procedure or of its own rules.'"  *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) (quoting *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004)).

The briefs submitted by Defendant-Appellant contain extensive confidentiality markings, including portions of the Table of Contents, Statement of the Issues, Summary of the Argument, and Argument sections.  A number of the portions marked confidential appear to consist of legal arguments.  For instance, the following passage was marked confidential, in its entirety:

> Gilead knew, or should have known, that the '340 patent was invalid at the time it filed the application for the '340 patent.  Even more so, Gilead knew, or should have known, that the '340 patent was invalid the day it filed suit against Sigmapharm for infringement of the '340 patent.  By asserting a patent that it knew, or should have known, to be invalid, Gilead willingly filed a baseless lawsuit against Sigmapharm, improperly prevented Sigmapharm from going to market with its ANDA Product with respect to the '340 patent, and needlessly forced Sigmapharm to spend millions of dollars to defend itself against what could most aptly be described as sham litigation.

Defendant-Appellant's Br. 28.  We have specifically held that marking legal arguments as confidential is subject to sanction, because "[n]o good faith reading of our rule could support [a party's] marking of its legal arguments as confidential."  635 F.3d at 1360.  It thus appears that Defendant-Appellant marked material as confidential in violation of the rules of this court.

Accordingly,

IT IS ORDERED THAT:

By November 26, 2014, Defendant-Appellant is ordered to show cause why this court should not impose sanctions for the violation of Federal Circuit Rule 28(d) due to the improper confidentiality markings.

FOR THE COURT

  November 19, 2014  
Date

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

cc:  John E. Rosenquist
     Marc R. Wezowski
     K. Lee Marshall
     Robert L. Stolebarger
     Ameer Gado
     Anthony Friedman
     Nicholas M. Cannella
     Timothy J. Kelly
     Christopher E. Loh