NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**IN RE VIOLATION OF RULE 50**

---

2018-9000

---

Before DYK, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Before the court's standing panel on attorney misconduct is a reported violation of Federal Circuit Rule 50. We now consider the infraction.

Rule 50 provides that "[n]o former employee of the court may participate or assist, by representation, consultation, or otherwise, in any case that was pending in the court during the period of employment."

Our precedent is clear that Rule 50 must be strictly followed. If an infraction is discovered, the matter must be promptly and fully explained to the court through sworn declarations to demonstrate that the violation was "inadvertent and unintended," after which appropriate disciplinary action may ensue. *In re Violation of Rule 50*, 78 F.3d 574, 575–76 (Fed. Cir. 1996) (en banc).

The violation reported here involves a former law clerk who recently left the court to work as an associate for a private law firm that practices frequently before this court. At the close of the clerkship, the former law clerk

received a list of all cases that had been pending during his employment ("Appeals Pending List").

In compliance with the firm's policies, the former clerk underwent ethics training and acknowledged in a signed statement that he was responsible for searching his Appeals Pending List to determine whether any assignment would violate Rule 50. The former clerk further provided a copy of the Appeals Pending List to the firm, which entered the cases into a searchable database.

Soon after joining the firm, the former clerk was approached by a partner to review, and provide feedback on, a draft opening brief to be submitted in consolidated appeals that were (and remain) pending before this court. It appears that neither the former clerk, nor the partner, nor any other employee of the firm checked to see whether the appeals had been before this court during the former clerk's employment. The former clerk accepted the assignment and billed 9.7 hours the next day.

After the brief was filed, it occurred to the former clerk that "it was possible that the appeals had been docketed before [his] clerkship ended." After checking his Appeals Pending List and discovering the violation, the former clerk was immediately removed from the case, and the law firm promptly informed the opposing party and this court of the Rule 50 violation. The opposing party did not object to the filing of the brief in question or the law firm's continued representation during the appeals.

The former clerk notes that he left the court within weeks of docketing of the case in question and that "[n]o appearances of counsel, certificates of interest, docketing statements, motions, merits briefs, or other substantive submissions were filed during [his] clerkship." The former clerk adds that he was not aware of the case and did no work of any kind on the case during his clerkship.

While we do not impose discipline, we remind the former law clerk and the firm that they must be more vigilant in the future to avoid such violations. This appears to be at least the second instance that a member of the law firm has notified this court of a Rule 50 violation. The law firm's response appears to suggest that the burden of ensuring compliance with the rule rests almost exclusively on a former clerk, and that the firm fulfills its obligations by adopting a policy requiring compliance with Rule 50 and reminding the former clerk of his or her obligations. This is not the case. Firms employing former clerks of this court have in their possession the information (the Appeals Pending List) necessary to ensure that former clerks do not work on matters from which they are barred from participating under Rule 50.*

---

* We note that the Appeals Pending List is compiled from publicly available information. If needed, a supplemental list containing cases that are not public, such as sealed cases, is given to law clerks. There is no rule or policy that would prevent the former law clerk from providing public information to the former clerk's new employer as was done in this case. In fact, the Committee on Codes of Conduct, authorized by the Judicial Conference of the United States, has published an advisory opinion (Advisory Opinion 109) stating that "[o]ne way to avoid future conflicts would be for the court to provide to the clerk upon departure a list disclosing only publicly available information about pending cases" and notes that "[s]uch a list would not run afoul of Canon 3D's prohibition on disclosing confidential information." Indeed, the court expects that the Appeals Pending List containing public information will be provided to future employers by the former law clerk. Any supplemental list must be kept by the former law clerk, and the former law clerk is solely responsible for checking that list. Similarly, if an Appeals Pending List contains a notification that it includes a

Firms, moreover, have their own obligation to ensure that a former clerk does not work on cases that were before this court during the time of his or her employment. The court expects that firms in assigning work to former clerks will utilize the available information to ensure that work assigned to former clerks does not fall into the prohibited category. Because other firms may benefit from this guidance, the panel has decided to issue a public order in hopes of preventing similar violations in the future.

FOR THE COURT

February 15, 2018                    /s/ Peter R. Marksteiner
        Date                               Peter R. Marksteiner
                                          Clerk of Court

---

sealed case, the law clerk should redact that item before giving the list to an employer.