FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 27 2018

PETER R. MARKSTEINER
CLERK

NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

**IN RE VIOLATION OF RULE 50,**
*Respondent*

2018-9001

Before DYK, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

## ORDER

Before the court's standing panel on attorney misconduct is yet another reported violation of Federal Circuit Rule 50. We now consider the infraction.

### BACKGROUND

The violation reported here involves a former law clerk who left the court to work as an associate for a private law firm that practices frequently before this court. At the close of the clerkship, the former law clerk received a list of all cases that had been pending during her employment ("Appeals Pending List") in an Excel spreadsheet that included each case's associated appeal number, appeal caption, the originating district court, and the district court's corresponding docket number.

According to the law firm's declaration, prior to joining the firm, the former law clerk provided the firm with her Appeals Pending List. The declaration further states that upon joining the firm, all matters that were before

the Federal Circuit during the former law clerk's clerkship in which the firm represented a party were identified during the firm's Rule 50 compliance process.

One year after the end of the clerkship, this court issued a decision vacating the judgment in a case that had been docketed shortly before the former law clerk left the court to join the law firm, and remanded to the district court for further proceedings. While the law firm was not previously involved in the case, it was engaged to represent one of the parties in the remand proceedings a few years after the clerkship ended.

According to the firm's declaration, "[h]aving received no ethical wall notice, and it being a district court case," the former law clerk "did not immediately appreciate that the matter could implicate her Rule 50 obligations." The district court granted the former law clerk's motion to appear, and the former law clerk assisted in the case, "which involved principally legal research."

The firm states that after subsequently realizing that the case had been before this court during her clerkship, the former law clerk "immediately notified her supervising attorney and attorneys in" the firm's Office of General Counsel, and ceased all work on the matter. The firm promptly notified this court of the Rule 50 violation, and the former law clerk withdrew from the case.

The firm states that the Rule 50 violation was "inadvertent and unintentional" and that "[t]he firm and [the former law clerk] sincerely regret this oversight and have taken steps to assure it will not occur in the future." The firm notes that the former law clerk's judge was not assigned to the case in question, the former law clerk did not work on the case at the Federal Circuit, and based on the short time between the docketing of the case and the time she left the court, she "is 100% confident that she never saw any of the briefs, heard about or discussed the

appeal with anyone, or had any other involvement, directly or indirectly, with the case while at the Court."

## DISCUSSION

Rule 50 provides that "[n]o former employee of the court may participate or assist, by representation, consultation, or otherwise, in any case that was pending in the court during the period of employment." Our precedent is clear that Rule 50 must be strictly followed. If an infraction is discovered, the matter must be promptly and fully explained to the court through sworn declarations to demonstrate that the violation was "inadvertent and unintended," after which appropriate disciplinary action may ensue. *In re Violation of Rule 50*, 78 F.3d 574, 575–76 (Fed. Cir. 1996) (en banc).

As we recently explained, "[f]irms employing former clerks of this court have in their possession the information (the Appeals Pending List) necessary to ensure that former clerks do not work on matters from which they are barred from participating under Rule 50," and this court "expects that firms in assigning work to former clerks will utilize the available information to ensure that work assigned to former clerks does not fall into the prohibited category." *In re Violation of Rule 50*, 712 F. App'x 1005, 1006–07 (Fed. Cir. 2018).

The fact that the former law clerk provided her Appeals Pending List to the firm at the start of her employment and yet she failed to receive an ethical wall notice is proof of the firm's negligence. While the firm had a Rule 50 compliance process in place that apparently accounted for cases that the firm was involved in during her clerkship, the process is flawed in its failure to screen for conflicts that may arise when the firm enters a case following an appeal, conflicts that the firm would have been alerted to if it had simply screened the former law clerk from working on matters associated with all of the

appeal numbers and district court docket numbers provided by this court in the Appeal Pending List.

We do not impose discipline here because this is the former law clerk's and the firm's first violation, it is clear that no prejudice or harm resulted from the infraction, the former law clerk did not work on the case while at the court, nothing of substantive was even filed at the court during her clerkship, and because once discovered the violation was promptly and properly handled. However, given our repeatedly reminders that "[f]ormer court employees must be vigilant and use common sense to avoid conflicts," *In re Violation of Rule 50*, 502 F. App'x 981, 982 (Fed. Cir. 2013), and that firms have "their own obligation to ensure that a former clerk does not work on cases that were before this court during the time of his or her employment," *In re Violation of Rule 50*, 712 F. App'x at 1006–07, we emphasize that discipline may be imposed on similar Rule 50 violations in the future.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court