# United States Court of Appeals for the Federal Circuit

---

**IN RE: VIOLATION OF THE REVISED PROTOCOLS FOR IN-PERSON ARGUMENTS AND RELATED ORDER**

---

2022-9000

---

Before DYK, WALLACH, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Respondents, who are members of this court's bar, were ordered to show cause why disciplinary action should not be imposed for, inter alia, violating this court's Revised Protocols for In-Person Arguments (August 12, 2021) (hereinafter, "the Revised Protocols") and an order that denied their motion to allow additional attendees at oral argument. Having received the responses by Respondents, the court's standing panel on attorney misconduct now considers whether to take disciplinary action.

I.

A.

Some background is helpful to put the relevant events in perspective. In response to the COVID-19 pandemic, this court issued administrative orders in 2020 that prohibited public access to the National Courts Building and suspended all in-person oral arguments. *See*

Administrative Orders 2020-02, 2020-03. When this court resumed allowing counsel in the courthouse for argument in September 2021, we kept in place the restrictions on public access to the National Courts Building, *see* Administrative Order 2021-10, and put in place strict protocols governing appearances at oral argument in order to protect the health and safety of the court and its staff, the bar, and the public.

Under the in-person argument protocols in effect during the events here, "[o]nly arguing counsel and no more than one attendee whose presence is necessary to assist or supervise arguing counsel (e.g., a client, lawyer sitting second chair, or paralegal)" were "permitted access to the National Courts Building and the courtroom." The Revised Protocols also required all persons entering the building to complete Form 33C declaring under penalty of perjury that the individual was "scheduled to appear in person for argument at the National Courts Building in Washington, D.C. either as (a) arguing counsel or (b) to assist or to supervise arguing counsel" and that the individual was either fully vaccinated for COVID-19 or received a negative test result for COVID-19 that was administered within 48 hours of the argument scheduled in the argued matter.

To ensure compliance with the Revised Protocols, the court required that arguing counsel also complete Form 33A, certifying that "I understand and agree that, as an officer of the court, I am personally responsible for ensuring all individuals attending argument with me have also read and will comply with the Revised Protocols," and that "I further understand and agree that it is my responsibility to ensure that all individuals attending argument with me remain in compliance with the Revised Protocols while in the National Courts Building." In completing that form, arguing counsel also certified that he or she understood that "failure to abide by any of" the provisions certified in the form "may subject [him or her] to discipline."

B.

The following facts appear undisputed: Respondents are two partners and a special counsel at the same law firm that represented a party in an appeal before this court. A few days before the scheduled in-person argument, Respondents filed a motion seeking leave of court for two of the Respondents as well as two other individuals to attend in addition to arguing counsel (also a Respondent) and the one person authorized to be in the building and the courtroom who was necessary to assist or supervise arguing counsel. The proposed attendees were named in the motion. The motion was forwarded to the merits panel on the appeal for consideration. The panel denied that motion without further elaboration.

After receiving the order rejecting the request for additional attendees, Respondents decided that when one of the Respondent partners argued, an associate would be the one official attendee allowed to assist the arguing partner during the argument.[1] Though they received the order denying their request to enter the building and attend argument only two days prior to argument, the responses state that Respondents nonetheless "determined that [the special counsel and the non-arguing partner] could go to the Court, identify who they were, and ask if they could attend, if circumstances had changed." The responses explain that "[t]hey were hoping . . . that the panel would let them attend."

---

[1] While the associate was directed to show cause, the court has determined that he committed no misconduct and therefore has dismissed all charges against him.

On the day of argument, all four attorneys, each in possession of a signed Form 33C, proceeded together through the security gate at the entrance to the National Courts Building. After passing through security, the Respondents took an elevator to the second floor where the courtroom was located and entered the assigned courtroom. After entering the courtroom, special counsel and the non-arguing partner took a seat in a back corner of the courtroom and were shortly thereafter summoned to the front of the courtroom by one of the court's deputy clerks. The deputy clerk informed the special counsel and the non-arguing partner that they could not be in the courtroom, and both returned to the lobby area. The special counsel and the non-arguing partner were subsequently told that they were not permitted in the building and escorted out.

The matters were subsequently referred to the court's standing panel on attorney discipline. The panel ordered the Respondents to show cause as to why their actions did not warrant discipline for violating the Revised Protocols and the order denying the motion for additional attendees. Respondents respond that any failure to comply with the Revised Protocols and the court's order denying extra attendees was not intentional. Respondents further contend that it was not unreasonable for special counsel and the non-arguing partner to come to the court on the day of argument so that Respondents could seek permission and clarification on whether they could attend the argument.

## II.

Federal Rule of Appellate Procedure 46(c) provides that "[a] court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule." We have also adopted Federal Circuit Attorney Discipline Rules, which make clear that "[a]n act or omission by an attorney that violates the Federal Rules of Appellate Procedure, the Federal Circuit Rules, these rules, or orders or instructions of

the court . . . may be the basis for discipline." Fed. Cir. Att'y Disc. R. 2(d). Although the Revised Protocols are not incorporated by reference or otherwise in any rule of this court, they are instructions of this court and help define conduct becoming a member of this court's bar. Accordingly, we are authorized to impose sanctions on an attorney whose actions or omissions violate the Revised Protocols.

Turning to the disciplinary matters at hand, we conclude that the fact that the arguing partner was accompanied by the special counsel and the non-arguing partner clearly violated the Revised Protocols. The Revised Protocols were perfectly clear that "[o]nly arguing counsel and no more than one attendee whose presence is necessary to assist or supervise arguing counsel" were "permitted access to the National Courts Building and the courtroom."

The language of Form 33C, which Respondents readily understood was required when in the building, further reinforced these access restrictions. That form required a declaration under penalty of perjury that the individual was "scheduled to appear in person for argument at the National Courts Building in Washington, D.C. either as (a) arguing counsel or (b) to assist or to supervise arguing counsel." This language, together with the language of the Revised Protocols just quoted, put all here on clear notice that the non-arguing partner and special counsel could not be in the building as spectators or additional attendees there to assist or supervise arguing counsel.

If there was some ambiguity or reasonable basis for confusion, we would be inclined to resolve that in Respondents' favor. *See United States v. Brown*, 72 F.3d 25, 29 (5th Cir. 1995); *In re Ruffalo*, 390 U.S. 544, 556 (1968) (White,

J., concurring).  However, there was no ambiguity in the protocols.[2]

Most troubling is Respondents' decision to come together in person to the National Courts Building after this court had just denied their motion for additional attendees only two days earlier.  The suggestion that the Revised Protocols or court order permitted in-person attendance to orally request permission and clarification of the court's order denying such permission is not reasonable.  The court's Revised Protocols and the panel's order limited the number of attendees in the building and courtroom.  Respondents' decision to violate these orders by entering the building and courtroom for purpose of seeking permission to violate the orders is not reasonable.  Given the Revised Protocols and express denial of their motion by the court, it was incumbent on Respondents to file a written motion for reconsideration or clarification rather than simply show up at the courthouse in violation of the protocols to again seek permission to attend argument.  Any contention that court staff somehow authorized entry is irrelevant.  Court staff, including court security officers, cannot override a court order.  For these reasons, we conclude that the Revised

---

[2]    Respondents rely on two sentences in the protocols that reference counsel and "attendees," *see* the Revised Protocols at page 1 ("Counsel and attendees may access only the main lobby, the public elevators, the courtroom designated for argument, and the lobby area and restrooms immediately outside of the designated courtroom.  Following security screening in the main lobby, counsel and attendees must report directly to the assigned courtroom . . . ."), but it is clear from context that these are instructions for authorized attendees and did not overrule the explicit language of the protocols and order limiting those who could attend.  Respondents' argument that the protocols are ambiguous is wholly without merit.

Protocols and the order were violated by Respondents, and there was no ambiguity in those instructions.

Despite these violations, because Respondents express earnest remorse, have not previously been accused of misconduct, and because this situation has not arisen before, we have decided not to impose sanctions. *See In re Violation of Rule 50*, 78 F.3d 574, 576 (Fed. Cir. 1996). However, the bar is on notice that this court takes compliance with these protocols very seriously and that sanctions will likely be imposed if a future violation of the protocols takes place. We have said that for this court "to get its work done," it "must insist on strict compliance with its rules." *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004). That sentiment applies with particular force to our instructions governing in-person arguments while the court and the bar continue to navigate the COVID-19 pandemic given the health and safety implications.

FOR THE COURT

February 25, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court