**Mark W. WILSON, Plaintiff–Appellant,**

v.

**JOTORI DREDGING, INC.,
Defendant–Appellee.**

No. 92–3218.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1993.

Decided July 22, 1993.

Richard E. Schwartz, St. Louis, MO, argued (James E. Parrot on the brief), for plaintiff-appellant.

Ronald E. Fox, St. Louis, MO, argued (Bart C. Sullivan on the brief), for defendant-appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Plaintiff Mark Wilson appeals from jury verdicts finding that Wilson was a longshoreman, not a seaman, and finding in favor of defendant Jotori Dredging, Inc. on Wilson's negligence claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1988). Wilson argues that the district court erred in instructing the jury in various respects, particularly when defining the word "seaman"; that the district court made various improper comments; and that the court should have admitted several items of evidence. We affirm the judgment of the district court.[1]

Mark Wilson worked out of a union hiring hall, being employed by Jotori Dredging about twenty days over a nine-month period. Wilson had worked for Jotori on a dredge and a harbor tug. During the week in question, however, he worked on a stationary crane barge as an oiler (someone who helps keep the crane in operating condition) and assisted in tying up and cutting loose sand barges to and from the crane barge for unloading.

Wilson testified that he hurt his back while trying to remove a winch wire from a cavil (defined in the testimony as a wing shaped stay used to secure lines) on an empty sand barge, which he was cutting loose from the crane barge. He complained that the wire was rusty and stiff, and was too taut because the current carried the sand barge away from the crane barge faster than the winch on the crane barge loosened the wire. He also complained that the eye of the winch wire was bent, making it unnecessarily difficult to get the eye off the cavil, and that the sand barge's deck was covered with sand and bulged enough to make it difficult to remove the winch wire.

The court first submitted to the jury the question of whether Wilson was a longshoreman or a seaman. The jury found that Wilson was a longshoreman. The court then submitted Wilson's Longshore Act claim and the jury found by special interrogatory that Jotori was not negligent.

Wilson first argues that the district court erred in instructing the jury on the definition of "seaman." The instruction stated that the jury might find Wilson was a seaman if "[a]t the time of the incident, plaintiff was assigned to work on board defendant's vessels," and if his job contributed to the function of the vessel, the furtherance of its purpose, or its operation or welfare. The instruction went on:

> One whose employment takes him on to a vessel may be found to be a member of the crew, even though his stay aboard is expected to last only for a very short period. There must, however, be more than an irregular connection between the plaintiff and some vessel in order that he may be found to be a member of a crew.

Citing *Slatton v. Martin K. Eby Construction Co.*, 506 F.2d 505, 510 (8th Cir.1974), *cert. denied*, 421 U.S. 931, 95 S.Ct. 1657, 44 L.Ed.2d 88 (1975), and *Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir.1959), Wilson objects to the instruction because it used the phrase "assigned to ... the vessel" instead of stating that one can be a seaman if one *"perform[s] a substantial part of his work on the vessel."*

■■■ A district court has considerable discretion in framing jury instructions so long as the charge, taken as a whole, fairly and adequately states the law. *Circle J. Dairy v. A.O. Smith Harvestore Prods.*, 790 F.2d 694, 698 (8th Cir.1986). Even if an instruction contains some error of law, we reverse only if the error has affected a substantial right of the appellant. *Id.* The instruction in this case, taken as a whole, includes as a seaman a person whose work on

the vessel contributed to its function, purpose, maintenance or welfare. We see no abuse of the district court's discretion in giving this instruction.

Wilson also complains that the court made several prejudicial comments. One of the so-called "comments" was not a comment at all, but a question, and others occurred in sidebar conferences and were innocuous at any rate. In addition, Wilson complains of a remark relating to the Jones Act and Longshore and Harbor Workers' Act, which was, in its context, harmless. In the midst of what appears to have been a quite uncivil trial, the district court's comments attempting to control the proceedings were remarkably mild.

 Wilson complains that the court failed to instruct the jury that a defect in the winches on the crane barge or the stiffness and weight of the winch cable could be dangerous conditions which Jotori was negligent in failing to correct. The court submitted the condition of the cable eye and Wilson refers us to no objection asking the court to submit anything further. As for Wilson's defective winch argument, Wilson in no way showed that the winch was defective or not working properly. There is no error in refusing to submit a theory not supported by any evidence.

Finally, Wilson complains that the court failed to accept into evidence OSHA regulations requiring the vessel owner to keep decks in "a safe condition." In the pages of transcript the parties cite to us, Wilson failed to lay a foundation showing the regulation was applicable or to specify which provisions of the lengthy regulation he considered relevant (and much of it was patently irrelevant). If he met these requirements elsewhere, he has not directed our attention to the transcript reference, and this court is not required to search the record for error. *United States v. Cohen,* 738 F.2d 287, 290 (8th Cir.1984). We therefore cannot conclude that the district court abused its discretion in refusing to admit this evidence. Even if we were to decide that the court abused its discretion, we are convinced it would be harmless error.

We have reviewed Wilson's other complaints about the instructions and exclusion of evidence and conclude that they lack merit.

We affirm the judgment of the district court.