# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1352

_____

Connie Freese,                                           *
                                                        *
     Plaintiff - Appellant,                            *
                                                        *
v.                                                      *
                                                        *  Appeal from the United States
Hawkeye Community College; William  *  District Court for the Northern
Hierstein, Individually and in his         *  District of Iowa.
official capacity; Dan Brobst,              *
Individually and in his official            *
capacity; Raymond Harris, Individually  *         **[UNPUBLISHED]**
and in his official capacity,               *
                                                        *
     Defendants - Appellees.                           *

_____

Submitted: February 16, 2005
Filed: September 6, 2005

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Connie Freese appeals from the judgment as a matter of law entered against her on her federal and state law claims for race, sex and disability discrimination, as well as state law claims for breach of contract, intentional interference with contract, and

intentional infliction of emotional distress. She also appeals the district court's[1] award of attorneys' fees against her and her counsel. We affirm the district court's entry of judgment against Freese as well as the award of attorneys' fees against Freese and her counsel.

Freese was employed in 1988 by Hawkeye Community College as a coordinator to offer and supervise continuing education courses in the College's Business and Industry Department. Freese suffered a number of illnesses and injuries. In accordance with her doctor's orders, her work schedule was reduced to twenty hours a week, and she resigned. She brought this suit against the College and three individuals[2] alleging state and federal claims for disability, sex and race disparate treatment, hostile work environment, and failure to accommodate disability, as well as breach of contract against the College, and intentional interference with contract and intentional infliction of emotional distress against her supervisor, Raymond Harris.

After four days of a jury trial, the district court entered judgment as a matter of law against Freese. The court held that there was no evidence of hostile work environment based on sexual discrimination. The district court held that Freese did not make a prima facie case of disparate treatment on the basis of sexual discrimination on either demotion or constructive discharge theories. It further held she did not make a prima facie case of race discrimination. The court held that any claim for failure to accommodate under the Americans with Disabilities Act failed because the College had accommodated Freese's need for a twenty-hour work week,

---

[1]Judge John A. Jarvey, Magistrate Judge for the United States District Court for the Northern District of Iowa.

[2]The individual defendants were William Hierstein, President of the College; Dan Brobst, Freese's supervisor from 1988-92; and Raymond Harris, her supervisor from 1992-98.

and Freese's request for a different supervisor was not a reasonable accommodation request. Further, the court held that if Freese had made a prima facie case for disability discrimination based on the College's assigning her to a twenty-hour work week, then the College had rebutted the inference of discrimination by showing that it assigned her to a twenty-hour week because her doctor so required, and Freese did not show that this legitimate reason was a pretext. There was no proof at trial of actions that would rise to the level of hostile environment on the basis of disability. The court held that, contrary to Freese's contention, the College's employee handbook did not create an offer to form a contract under Iowa law and that the handbook specifically disclaimed any intent to create a contract. The claim against Harris for intentional interference failed since Harris acted in his capacity as an employee of one of the parties to the contract. Finally, the court held that the claim for intentional infliction of emotional distress was preempted by Iowa Code chapter 216.

After trial, the district court found that Freese's action was frivolous and awarded attorneys' fees in favor of defendants and against Freese and her attorney, jointly and severally, in the amount of $15,000.

Freese raises six points on appeal. Included within one single point is the sufficiency of the evidence on all of the following: Americans with Disabilities Act claims based on hostile work environment, disparate treatment, and constructive discharge theories; a 42 U.S.C. § 1983 theory; and claims under Iowa Code § 216.6(1). The statement of facts supporting these myriad sufficiency arguments and all other five points on appeal is contained in two pages of Freese's brief. This brief statement of facts is notable both for what it includes and what it does not; it includes irrelevant facts and assertions not supported by citation to the record, but it makes no mention of the fact that Freese's hours were reduced to a twenty-hour week. In sum, Freese's brief does not tell us what this case is about.

Freese argues that the district court unduly restricted her evidence by allowing her only twelve hours to present her evidence and conduct cross-examination. She states that she ran out of time during the examination of witness Harris, and that further questions of Harris and of Pamela Bowen "could have further developed the course of dealing." A concurrence in the recent case of Catipovic v. Peoples Community Health Clinic, Inc., 401 F.3d 952, 959 (8th Cir. 2005), expressed disapproval of rigid hour limits. However, the record before us demonstrates that when Freese's counsel concluded the examination of her last witness, counsel stated, "I guess I don't have any other questions. Thank you, your honor." The court then asked whether counsel had any additional evidence, and counsel stated: "I don't believe so. Thank you." Even if the court had erred in imposing the time limit, Freese did not preserve the error for review.

As the appellant, Freese has the burden to demonstrate the existence of error; she has not done so. This court is not obliged to search the record for error not pointed out by the appellant. United States v. Vanhorn, 296 F.3d 713, 717 (8th Cir. 2002); Wilson v. Jotori Dredging, Inc., 999 F.2d 370, 372 (8th Cir. 1993). We have reviewed Freese's manifold arguments and see no error.

Accordingly, we affirm the judgment and fee award entered by the district court.

_____