# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1107

BRIAN K. COKER, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On appeal from the Board of Veterans' Appeals

(Decided   February 2, 2006   )

*Mark R. Lippman*, of La Jolla, California, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian R. Rippel*, Deputy Assistant Counsel; and *Kenneth A. Walsh*, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

The opinion of the Court is per curiam.  KASOLD, *Judge*, filed a concurring opinion.

PER CURIAM:  Veteran Brian K. Coker appeals through counsel a November 21, 2001, decision of the Board of Veterans' Appeals (Board) that denied Mr. Coker's claims for (1) an effective date earlier than February 16, 1999, for the award of service connection for hallux valgus, (2) service connection for a stomach disorder, (3) service connection for the residuals of a urinary tract infection, (4) an initial evaluation in excess of 10% for service-connected sinusitis, (5) an initial evaluation of 10% for the service-connected residuals of tonsillitis prior to October 28, 1999, and (6) a compensable disability evaluation for the service-connected residuals of tonsillitis, since October 28, 1999.  For the reasons set forth below, the Board's decision will be affirmed in part and set aside in part and the matter of the hallux valgus claim remanded for further adjudication.

## I. BACKGROUND

Mr. Coker served on active duty in the U.S. Army from July 1980 to July 1983. On September 19, 1989, he submitted a claim for a stomach disorder, which was denied in April 1990. Three years later, in April 1993, he requested that his claim for disability compensation for a stomach disorder be reopened and that he be "scheduled for [a] C&P [(compensation and pension)] Exam . . . to include complete skeletal to include arms, legs, back, ankles, feet, and all joints." R. at 112. In August 1993, Mr. Coker submitted his service medical records (SMRs), which indicated, inter alia, that he had injured the toes of both feet on December 9, 1980, and that he had stubbed his toes on September 24, 1982. In November 1993, Mr. Coker amended his claim to include urinary tract infection, sinusitis, and tonsillitis.

In rating decisions in August, October, and December 1993, a VA regional office (RO) denied entitlement to service connection for, inter alia, a stomach disorder, a urinary tract infection, "skeletal conditions," sinusitis, and tonsillitis. Mr. Coker filed statements in support of his claims and the RO provided him a hearing in April 1994. At that hearing, Mr. Coker testified that he had hurt his toes in service and that he had a current diagnosis of hallux valgus. In September 1994, the hearing officer denied service connection for, inter alia, a stomach disorder and all skeletal conditions, including feet. In December 1994, Mr. Coker appealed to the Board.

In June 1996, the Board granted service connection for sinusitis and tonsillitis, and the RO subsequently assigned 10% disability evaluations for each, effective November 23, 1993. In October 1996, Mr. Coker sought an increase in his disability ratings for both sinusitis and tonsillitis. In May 1997, the Board issued a supplemental decision that remanded to the RO for further development the claims for service connection for a stomach disorder and urinary infection, as well as the claims for an increased disability ratings for sinusitis and tonsillitis. The Board also found that Mr. Coker's claim for a generalized skeletal disability was not well grounded.

In February 1999, Mr. Coker filed a formal application for service connection for hallux valgus. An October 1999 rating decision denied service connection for a stomach disorder and urinary tract infection, and denied an increased disability rating for sinusitis. In December 1999, the RO granted service connection for hallux valgus with a 10% disability rating effective February 16,

1999, and the RO reduced his 10% disability rating for his tonsillitis to a noncompensable rating effective October 28, 1999. Mr. Coker appealed these decisions to the Board.

## II. ANALYSIS

### A. Informal Claim for Hallux Valgus

Mr. Coker argues that the Board erred in not awarding an earlier effective date for his hallux valgus claim based upon an April 1993 communication that he states was an informal claim for benefits. The Secretary asserts that the first discernable claim for compensation for hallux valgus was made in February 1999 and that an earlier effective date cannot be awarded.

The Board determined that an informal claim did not arise prior to 1999 because before then Mr. Coker had not mentioned his toes in relation to a claim for compensation. However, the Board's decision focuses upon the text of the claim and not the content of the record. *See Norris v. West*, 12 Vet.App. 413, 417 (1999) ("Once a claim is received, VA must review the claim, supporting documents, and oral testimony in a liberal manner to identify and adjudicate all reasonably raised claims."); *Brannon v. West*, 12 Vet.App. 32, 35 (1998); *Suttman v. Brown*, 5 Vet.App. 127, 132 (1993) ("In determining whether a particular claim has been raised, the [Board] must consider 'all documents or oral testimony submitted prior to the [Board] decision' and 'review all issues which are reasonably raised from a liberal reading' of such documents and oral testimony." (quoting *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991))).

The Board did not discuss whether Mr. Coker's April 1993 request for a compensation and pension examination for, inter alia, his feet, reviewed in the context of the entire record, reasonably raised a claim for service connection for hallux valgus. In addition, the Board did not discuss whether Mr. Coker's April 1994 transcribed hearing testimony constituted an informal claim. At that hearing, Mr. Coker noted his belief that his April 1993 request for a compensation and pension examination constituted a claim for service connection for hallux valgus. The failure of the Board to discuss these issues is error. *See Suttman, supra*; *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991) (Board is required to consider all evidence of record and to discuss in its decision all potentially applicable provisions of law and regulation); *see also Tucker v. West*, 11 Vet.App. 369, 374 (1998) ("Where the Board has incorrectly applied the law, failed to provide an adequate

3

statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy."); *Meeks v. Brown*, 5 Vet.App. 284, 288 (1993) (stating where Board fails to provide adequate statement of reasons or bases, the Court is precluded from effectively reviewing the Board's adjudication).

### B. Inadequate Notice

With regard to his remaining claims, Mr. Coker seeks remand and argues on appeal that the Secretary failed to provide the notice required by 38 U.S.C. § 5103(a). In supplemental briefing, he asserts that the Secretary "never advised through a VCAA notice letter or otherwise on what evidence would be needed to substantiate any of the aforementioned claims." Appellant's Supplemental Brief at 2-3. In this instance, however, the Board found that Mr. Coker had received notice "through the issuance of [S]tatements of the [C]ase and [S]upplemental [S]tatements of the [C]ase," (Record (R.) at 6), and Mr. Coker fails to provide any specificity with regard to the inadequacy of the notice that the Board found he had received.

The Court requires that an appellant plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments. *See* U.S. VET. APP. R. 28(a) (requiring appellant to provide the Court with a brief presenting all issues on appeal); *but see* U.S. VET. APP. R. 28(i) (suspending Rule 28(a) and allowing a pro se veteran to submit an informal brief). This is also a general requirement in all appellate courts, *see* FED. R. APP. P. R. 28, and is clearly applicable to pleadings raising notice error in this Court. *See Mayfield v. Nicholson*, 19 Vet.App. 103, 111 (2005) (holding that appellant must identify with considerable specificity how 38 U.S.C. § 5103(a) notice was defective), *appeal docketed*, No. 05-7157 (Fed. Cir. June 14, 2005); *see also Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) (holding that the appellant, who comes to the court of appeals as the challenger of the underlying decision, "bears the burden of demonstrating the alleged error and the precise relief sought" and where the appellant fails to meet this burden, the "court of appeals is not required to manufacture [the] appellant's argument" (citing FED. R. APP. P. 28(a) and *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir. 1989))); *Wilson v. Jotori Dredging, Inc.*, 999 F.2d 370, 372 (8th Cir. 1993) (holding that where the appellant has failed to demonstrate error, the Court is not required to search the record for an error); *Marciniak v. Brown*, 10 Vet.App. 198, 201 (1997) (indicating appellant must allege and demonstrate

prejudice or Court will conclude a procedural error is harmless); *Parker v. Brown*, 9 Vet.App. 476, 481 (1996) (same). In the absence of specificity as to any particular inadequacy, especially in light of the finding by the Board that adequate notice was provided with citation to specific notice relied upon by the Board to make that finding, Mr. Coker's argument, which is advanced by counsel, fails. *See Mayfield*, 19 Vet.App. at 111 (holding that "the appellant bears the burden of demonstrating specifically in what respects the particular notice documents are noncompliant in terms of the purposes sought to be achieved by the notice requirements").

Finally, we note that the Secretary suggests that the Board provided an inadequate statement of reasons or bases for its conclusion that adequate notice had been provided with regard to the claims for service connection for a stomach disorder and the residuals of a urinary tract infection, and that remand is appropriate. It is the claimant, however, not the Secretary, who has the right to appeal a decision by the Board to the Court. *See* 38 U.S.C. § 7252(a) (stating that the Secretary may not seek review of a Board decision); 38 U.S.C. § 7266(a) ("In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person *adversely affected* by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed . . . .") (emphasis added); *see also Williams v. Principi*, 15 Vet.App. 189, 198 (2001) (citing section 7252(a) for the proposition that the Secretary may not seek review of a Board decision); *Green v. West*, 11 Vet.App. 472, 476 (1998) ("'[T]he Secretary may not seek review of any . . . decision' of the [Board] . . . ." (quoting 38 U.S.C. § 7252(a)). In this instance, Mr. Coker has not asserted that he was unable to understand the Board's statement of reasons or bases for its decision that notice was inadequate, and review by this Court is not frustrated. *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (reasons or bases must be adequate to enable claimant to understand precise basis for Board's decision, as well as facilitate review by Court); *Meeks*, *supra*.

### III. CONCLUSION

Upon consideration of the foregoing, the decision of the Board with regard to the hallux valgus claim is SET ASIDE and the matter REMANDED for readjudication consistent with this decision. The remainder of the November 2001 Board decision is AFFIRMED.

5

KASOLD, *Judge*, concurring: Although I concur fully in the decision of the Court, I write separately to note that, based on my review of the record as the screening judge in this case, Mr. Coker was provided adequate notice on the very issues upon which the Secretary denied his claims numbered two through six, as so identified in the opinion of the Court. *Ante* at 1.

Mr. Coker's second and third claims – for a stomach disorder and residuals due to a urinary tract infection – were denied because the evidence of record did not establish a medical nexus between these disabilities and an in-service event or disability. The record reflects that he received adequate notice with regard to these issues (*see e.g.,* R. at 198-202, 226-27, 323-26, 353-56, 457-69). Mr. Coker's fourth, fifth, and sixth claims – for higher disability ratings for service-connected sinusitis and tonsillitis – were not assigned higher ratings because his disabilities did not meet the criteria established in the rating schedule for the next-higher disability ratings. The record reflects that he was advised of the evidence necessary to substantiate the next-higher disability ratings for each of these claims (*see e.g.*, R. at 226-27, 457-69, 493-500, 503-04, 529-42). Accordingly, even if notice was otherwise inadequate, Mr. Coker was not prejudiced. *See Mayfield v. Nicholson*, 19 Vet.App. 103, 121 (2005) (noting that notice errors can be shown to be nonprejudicial and citing several examples where notice error would not be prejudicial), *appeal docketed*, No. 05-7157 (Fed. Cir. June 14, 2005); *see also* 38 U.S.C. § 7261(b)(2); *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) (Court is required to "take due account of the rule of prejudicial error"); *Marciniak v. Brown*, 10 Vet.App. 198, 201 (holding that, "[i]n the absence of demonstrated prejudice," remand is unnecessary); *Parker v. Brown*, 9 Vet.App. 476, 481 (same).