KASOLD, Judge,
concurring in judgment:
Pursuant to regulation, the “active service of members of the irregular force guerilla will be the period certified by the service department.” 38 C.F.R. § 3.41(d) (2006) (latter emphasis added). Thus, when Mr. Palor submitted his application for VA benefits and asserted that he had recognized guerrilla service in the Republic of the Philippines from January 1942 to November 1943 and provided documentation supporting his assertion,[3] the Secre *334 tary had sufficient information to seek certification of the reported service from the NPRC.[4] In response thereto, the NPRC reported that Mr. Palor “has no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces.” R. at 75. Thereafter, the Secretary properly denied Mr. Palor’s claim. See Soria, 118 F.3d at 749 (“Where service department certification is required, ... the VA has long treated the service department’s decision on such matters as conclusive and binding on the VA.... This court sees no error in that treatment.”).
Although section 5103(a) requires the Secretary to notify a claimant of the information and evidence necessary to substantiate a claim, it should not be read to require “pointless expenditures of effort”. See Ala. Power Co. v. Costle, 636 F.2d 323, 360 (D.C.Cir.1980) (stating the obvious proposition that courts should be reluctant to interpret the terms of a statute “to mandate pointless expenditures of effort”). When the information necessary to seek certification of service from NPRC is provided with the application for VA benefits — and given the fact that the law is dispositive and mandates denial of a claim when that service is not so certified, see Mason v. Principi, 16 Vet.App. 129, 132 (2002) (“[BJecause the law as mandated by statute, and not the evidence, is dispositive of this claim, the VCAA is not applicable.”); Sabonis v. Brown, 6 Vet.App. 426, 430 (1994) (where law, and not evidence, is dispositive, claim should be denied or appeal terminated because of lack of legal merit) — there is no basis for finding error in the Secretary’s decision to seek such certification prior to advising a claimant of the information and evidence necessary to substantiate the claim. Providing such notice serves the sole function of frustrating the claimant and sending him on a wild goose chase, searching for evidence of an incident in service, current disability, and nexus, when entitlement to benefits fails as a matter of law for lack of veteran status. See Collaro v. West, 136 F.3d 1304, 1308 (Fed.Cir.1998) (claim for disability compensation benefits has five elements: (1) veteran status, (2) existence of a disability, (3) a connection between the veteran’s service and the disability, (4) degree of disability, and (5) effective date of the disability).
Accordingly, I concur in the judgment of the Court, but respectfully dissent from its finding of notice error in this case.

. In support of his assertion, Mr. Palor submitted with his application for VA benefits affidavits from the Republic of Philippines Department of National Defense Military Service Board, Department of National Defense Philippine Veterans Affairs Office, and friends regarding his military service and asserting that he had recognized guerrilla service in the Republic of the Philippines.

. Mr. Palor has not asserted, and the record does not reflect, that there was any error in the information forwarded by the Secretary to the service department and upon which certification was sought and provided. See Sarmiento v. Brown, 7 Vet.App. 80, 86 (1994) (remanding where veteran asserted that VA sought certification of his service with erroneous spelling of his first name), overruled on other grounds by D’Amico v. West, 209 F.3d 1322, 1327 (Fed.Cir.2000); Colter v. Nicholson, 19 Vet.App. 439, 442 (2006) (burden on appellant to plead with some particularity the allegation of error).