PER CURIAM.

ORDER

The Secretary responds to the court’s order and states that the decision of the United States Court of Appeals for Veterans Claims should be reversed. The court considers whether the decision of the Court of Appeals for Veterans Claims should be vacated and the case remanded.
Coker appealed the decision of the Board of Veterans’ Appeals denying his claims for (l)an earlier effective date for the award of service connection for hallux valgus, (2) service connection for a stomach disorder, (3) service connection for residuals of a urinary tract infection, (4) an initial evaluation in excess of 10% for service connected sinusitis, (5) an initial evaluation in excess of 10% for service connected residuals of tonsillitis, and (6) a compensable disability evaluation for service connected residuals of tonsillitis. The Court of Appeals for Veterans Claims determined that the Board erred by not discussing whether an earlier request for compensation submitted by Coker reasonably raised a claim for service connection for hallux valgus and thus vacated that portion of the Board’s decision. With respect to Coker’s other claims, the Court of Appeals for Veterans Claims upheld the Board’s ruling that statements of the case and supplemental statements of the case satisfied the notice requirements of 38 U.S.C. § 5103(a). Thus, the Court of Appeals for Veterans Claims affirmed the Board’s decision in all other respects.
The Secretary of Veterans Affairs indicates that this appeal is controlled by the court’s decision in Sanders v. Nicholson, 487 F.3d 881 (Fed.Cir.2007). However, upon review of the decision of the United States Court of Appeals for Veterans Claims in this case, the court notes that the decision held that Coker had not established a notice error. Thus, it appears that Sanders, which governs who must show prejudice when a notice error is established, does not affect the outcome of this appeal.
In Mayfield v. Nicholson, 444 F.3d 1328 (Fed.Cir.2006), this court held that the section 5103(a) notice requirements cannot be satisfied by post-decisional communications. We stated that “it was improper for the Board to conclude that the VA’s notification duty was satisfied by the notice of decision and two statements of the case.” Id. at 1332. The Court of Appeals for Veterans Claims decision in this case was issued prior to this court’s decision in Mayfield and thus incorrectly held that *372 the statements of the case and supplemental statements of the case satisfied the section 5103(a) notice requirements. Thus, the court determines that that portion of the decision should be vacated and the case remanded on that ground.
Accordingly,
IT IS ORDERED THAT:
(1) The decision of the Court of Appeals for Veterans Claims is vacated and the case is remanded.
(2) Each side shall bear its own costs.