# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 17-3585

NIA BARNETT, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided December 3, 2019)

*Thomas W. Stoever, Jr.*, of Denver, Colorado, was on brief for the appellant.

*James M. Byrne,* General Counsel; *Mary Ann Flynn*, Chief Counsel; *Emily C. Purcell*, Acting Deputy Chief Counsel; and *Rudendru Sinhamahapatra,* Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before DAVIS, *Chief Judge*, and SCHOELEN and FALVEY, *Judges*.

DAVIS, *Chief Judge*: Nia Barnett, daughter of U.S. Army veteran Lee O. Barnett, Jr., appeals a May 5, 2017, Board of Veterans' Appeals decision that denied her dependents educational assistance (DEA) benefits. The Board found that Ms. Barnett had reached her 26th birthday before her father was awarded total disability,[1] and therefore the Board concluded that she was not entitled to DEA benefits.[2]

In her informal brief, Ms. Barnett raised a two-pronged argument. She first argued that VA wrongly denied her status as a person who became permanently incapable of self-support before attaining the age of 18,[3] pointing to evidence that she believes establishes that she has been totally disabled since age 14 by end stage renal disease secondary to systemic lupus erythematosus. In her August 2008 Notice of Disagreement (NOD) with a rating office (RO) decision denying her

---

[1] Congress has provided educational assistance to eligible persons, including a child of a veteran who "has a total disability permanent in nature resulting from a service-connected disability." 38 U.S.C. § 3501(a)(1)(A)(ii).

[2] Record (R.) at 4. The applicable statute provides a period of eligibility for DEA benefits that is initiated on the date of the veteran's total disability award and terminated by the dependent child reaching certain ages. *See* 38 U.S.C. § 3512(a)(3), (c)(1)(3)(B).

[3] *See* 38 U.S.C. § 101(4)(A)(ii) [hereinafter referred to as "helpless child" status].

DEA benefits, she disputed an earlier April 2000 rating decision that denied her status as a person permanently incapacitated for self-support under 38 C.F.R. § 3.356 (2019).

Second, she argued that as a person entitled to helpless child status she should receive the benefit of statutory and regulatory provisions allowing her to suspend an educational program as a result of circumstances beyond her control, including severe health problems.[4] She concluded that she should receive DEA benefits beyond the age limitation set forth elsewhere in the statute and regulations, for a period equal to the length of the suspension.

After this case was assigned to panel, the Court stayed the case to provide time for Ms. Barnett to obtain assistance of counsel. Her pro bono counsel subsequently filed a formal brief, which argued that the August 2008 NOD also constituted an informal claim to reopen the issue whether she was a helpless child before the age of 18, which status was denied in the previously final April 2000 rating decision. The brief further asserted that her status as a helpless child affects her eligibility for DEA benefits and sought a remand for the Board to consider whether she submitted an informal claim sufficient to reopen the April 2000 rating decision. The Court subsequently sought supplemental responsive briefing from the Secretary on this issue. Ms. Barnett filed a reply brief to the Secretary's supplemental brief.

An informal claim to reopen the matter of helpless child status has not been considered either by the RO or by the Board.[5] Thus, because the matter of whether the August 2008 NOD constitutes an informal claim to reopen the April 2000 decision denying helpless child status was not before the Board, it is therefore not before this Court.[6] In such circumstances, the correct procedure is for the appellant to pursue such a claim at the RO. Further, it would be premature for the Court to assess the effect of helpless child status on eligibility for DEA benefits on the facts of this case. Moreover, Ms. Barnett, in her formal brief, expressly limited her arguments to the

---

[4] *See* 38 U.S.C. § 3512(c)(1); 38 C.F.R. §§ 21.3041(g), 21.3043(d) (2019).

[5] The Board determined:

> To the extent that [the appellant] argues that through physical disability she was incapable of self-support prior to her 18th birthday, VA denied such a claim in a final April 2000 rating decision. Such a decision may not be overturned unless the appellant submits new and material evidence, and in any event reopening of that claim is not an issue before the Board.

R. at 6.

[6] 38 U.S.C. §§ 7252(a), 7266 (Court's jurisdiction is limited to review of final Board decisions); *King v. Nicholson*, 19 Vet.App. 406, 409 (2006) ("It follows that where the Board does not have . . . jurisdiction, then neither does the Court").

informal claim issue and to the issue whether her achievement of helpless child status would affect her eligibility for DEA, and she did not address the matter decided by the Board–denial of DEA benefits because of her failure to meet the statutory age eligibility requirements. The Court will therefore dismiss this appeal to allow Ms. Barnett to present her arguments before the RO.[7]

## I. ANALYSIS

### A. The Court declines to address the issue whether the August 2008 NOD constituted an informal claim.

As noted above, an April 2000 rating decision denied Ms. Barnett status as a person who became permanently incapable of self-support before reaching the age of 18.[8] That decision was not appealed and became final. This matter can only be reopened on the basis of new and material evidence.[9]

In her formal brief, Ms. Barnett argues that the Board should have considered whether the materials submitted in her appeal for DEA benefits also constituted an informal claim to reopen, based upon submission of new and material evidence, the previously final April 2000 rating decision that found she was not a helpless child, i.e. not a person who became permanently incapable of self-support before reaching the age of 18. She points to her August 2008 NOD with the RO decision denying DEA benefits, in which she noted that the April 2000 rating decision was premised on an incorrect date of birth.[10] In that August 2008 NOD she also refers to her birth certificate, which she submitted to VA after April 2000,[11] and to new medical evidence that she contends further establishes that she was totally incapacitated from age 14.

---

[7] *See Tellex v. Principi,* 15 Vet.App. 233 (2001) (dismissing an appeal when the appellant failed to address the claim on appeal and the Court did not have jurisdiction over the matter addressed by the appellant); *see also Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (Court unable to find error when arguments are "far too terse to warrant detailed analysis by the Court"); *Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006) ("The Court requires that an appellant plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments."), *rev'd on other grounds sub nom. Coker v. Peake*, 310 F. App'x. 371 (Fed. Cir. 2008) (per curiam order); *Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table).

[8] R. at 6275.

[9] 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (2019).

[10] R. at 3966.

[11] *See* R. at 3971 (July 2008 letter to VA regional processing office).

In 2008, applicable regulations provided for informal claims; VA defined "claim application" as "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement."[12] The concept of an "informal claim" was further delineated in 38 C.F.R. § 3.155(a), which provided: "Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by [VA] . . . may be considered an informal claim. Such informal claim must identify the benefit sought."[13] The Secretary contends that the NOD was only a disagreement with the decision on DEA benefits and does not contain the requisite intent to request reopening of the helpless child issue.

In any view of the matter, "the appropriate procedure for a claimant to press a claim believed to be unadjudicated (and for which there is no final decision that arguably failed to consider the claim) is to pursue a resolution of the original claim, e.g., to seek issuance of a final RO decision with proper notification of appellate rights and to initiate an NOD."[14] Therefore, the Court declines to address the appellant's argument that remand is warranted for the Board to address whether the 2008 NOD constitutes an informal claim to reopen the issue of helpless child status.[15]

Ms. Barnett should thus present her claim for helpless child status to the RO, citing the evidence she raised in her NOD, and any other relevant evidence. Should the RO award helpless child status, she is free to argue that the effective date of the award should be August 2008.[16]

---

[12] 38 C.F.R. § 3.1(p) (2008). In September 2014, VA amended the definition of "claim." Section 3.1(p) now defines "claim" as "a written communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit under the laws administered by the Department of Veterans Affairs submitted on an application form prescribed by the Secretary." 38 C.F.R. § 3.1(p) (2019). The amended definition became effective March 24, 2015. 79 Fed. Reg. 57,660 (Sept. 25, 2014).

[13] 38 C.F.R. § 3.155(a) (2008). VA also amended § 3.155(a) in September 2014 to eliminate informal claims in favor of an "intent to file" system, which requires submission of certain preliminary information on a standardized form. *See* 79 Fed. Reg. 57,660, 57,664 (Sept. 25, 2014).

[14] *DiCarlo v. Nicholson*, 20 Vet.App. 52, 56 (2006), (citing 38 U.S.C. §§ 5104, 7105)), *aff'd, Dicarlo v. Peake*, 280 F. App'x 988 (Fed. Cir. 2008) (per curiam).

[15] *See Payne v. Wilkie*, 31 Vet.App. 373, 391 n.9, 2019 WL 3757614 at *12 n. 9 (Aug. 9, 2019) (citing *DiCarlo*, 20 Vet.App. at 56) (declining to address appellant's argument that remand may be warranted for the Board to determine whether he submitted an informal claim for benefits for his bilateral lower extremities at a November 2012 decision review officer hearing because a claim for benefits of the bilateral extremities was not before the Board (and therefore not before the Court) and noting that the appellant is free to pursue any such claim at the RO).

[16] *Id.*

**B. The Court cannot now assess how an award of helpless child status may affect Ms. Barnett's eligibility for DEA benefits.**

Ms. Barnett argues that her eligibility for DEA benefits may be affected somehow by her status as a helpless child that, she contends, was improperly denied in the April 2000 rating decision. Her brief does not explain how achieving such status would overcome the provisions of section 3512 regarding the period of eligibility.

Further, because, as determined above, the matter of Ms. Barnett's status as helpless child is not before the Board, and, therefore, this Court, any decision by the Court on the effect of helpless child status on Ms. Barnett's eligibility for DEA benefits would require the Court to rule on that fact in the first instance, and would amount to an unauthorized advisory opinion.[17]

Therefore, the Court will dismiss this appeal. Ms. Barnett may pursue before the RO the matter of whether the 2008 NOD constitutes an informal claim and whether the evidence presented in the NOD is sufficient to reopen the issue of helpless child status and sustain an award of that status. If successful in attaining that status, she may then develop her arguments as to how it affects her eligibility for DEA benefits.

## II. CONCLUSION

On consideration of the foregoing, the Court DISMISSES this appeal.

---

[17] *See Waterhouse v. Principi*, 3 Vet.App. 473, 474 (1992) (holding that the Court does not issue advisory opinions); *Mintz v. Brown*, 6 Vet.App. 277, 281, 283 (1994) (Board lacked jurisdiction to entertain appellant's claim where he was seeking an advisory opinion).