## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 17-4423

VINCENT CURTIS CONYERS,                                          APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS,                              APPELLEE.

Before PIETSCH, TOTH, and JAQUITH, *Judges.*

## O R D E R

This case has a long and drawn-out history. In short, Mr. Conyers filed an appeal to this Court in November 2017, challenging a Board decision that denied his claim for self-employment assistance under Chapter 31 of the United States Code—that is, VA's Vocational Rehabilitation Program.

The Vocational Rehabilitation Program was created to aid veterans whose service-connected disabilities impact their ability to prepare for, obtain, and retain employment. There are two types of benefits under this program: Veterans' Employment and Training services (VETs) and Veterans Readiness and Employment (VR&E) services. Mr. Conyers applied for VR&E benefits to assist with a plan for self-employment. Importantly, VR&E benefits for the purpose of self-employment are only available if VA determines that the veteran's plan for self-employment is a suitable vocational goal. 38 C.F.R. § 21.257(a) (2024). Mr. Conyers's vocational plan is to own and operate a cabaret-style bar and restaurant. However, the Board found that is not a suitable vocational goal for Mr. Conyers under § 21.257(a). Thereafter, Mr. Conyers appealed the Board's decision to this Court.

For the first two years of the appeal, the parties remained in a dispute regarding the contents of the record before the agency (RBA) under Rule 10 of this Court's Rules of Practice and Procedure. In an April 9, 2020, order, this Court settled the final dispute over whether to include 169 documents in the RBA, citing *Euzebio v. Wilkie* (*Euzebio I*), 31 Vet.App. 394 (2019), on the grounds that none of those 169 documents were constructively before the Agency and, thus, were not appropriate for inclusion in the RBA. Mr. Conyer's case then sat in procedural limbo for over a year due to his many requests for stays and extensions. During that time, *Euzebio I* was appealed to the Federal Circuit, and the Federal Circuit vacated this Court's decision, clarifying the proper standard for constructive possession analysis. *See Euzebio v. McDonough* (*Euzebio II*), 989 F.3d 1305, 1318 (Fed. Cir. 2021). Thereafter, in August 2022, this Court affirmed the Board's decision in Mr. Conyer's appeal, rejecting his RBA dispute because the issue had "already been adjudicated by the Court's April 9, [2020], order." August 26, 2022, Memorandum Decision at 5. Mr. Conyers appealed to the Federal Circuit, which vacated our decision and remanded so this Court could reassess Mr. Conyers's RBA dispute under the correct standard for constructive possession as set out in *Euzebio II*. That being so, this matter was referred to a panel of the Court to determine

whether the Secretary should amend the RBA to include records that were constructively before the Board.

Thus, the Court returns to the RBA dispute portion of this 2017 appeal, looking to the veteran's April 2019 and November 2019 motions as they provide the most comprehensive inventory of the documents he believes are missing from the RBA. In the April 2019 motion, he listed 239 documents and described why he believed each document belongs in the administrative record. But in his November 2019 motion, the veteran narrowed his dispute down to 169 documents because the Secretary resolved the veteran's dispute as to 70 of those documents; the Court focuses on these 169 documents. In short, this order fulfills the directive of the Federal Circuit that this Court apply to Mr. Conyers's case the legal standard for constructive possession articulated in *Euzebio II* and concludes that there is no reason for the Secretary to amend the RBA to include any additional records under the constructive possession doctrine. A separate, non-precedential memorandum decision will be issued from the single judge to whom this matter was originally assigned.

## I. ANALYSIS

For ease of understanding, the Court has grouped these documents into categories. At the outset, there is a group of 25 documents that post-date the Board decision, a group of 5 documents that are already in the RBA, and a group of 26 documents that appear in the RBA but are allegedly incomplete; as explained further below, the Court need not assess constructive possession as to these 56 documents. Thereafter, 113 documents remain: a group of 18 documents pertaining to federal, state, or local law; 8 webpages or references to webpages; 53 documents pertaining to two different lawsuits that Mr. Conyers brought against VA in the District Court in the Eastern District of New York; 19 documents from his rule challenge under 38 U.S.C. § 502 at the Federal Circuit; 10 documents from an appeal he brought at this Court under docket number 17-27; and 5 records that do not fit neatly in any category.

### A. *Preliminary Matters (56 Documents)*

There are 56 documents that need not be added to the RBA and that the Court need not address under the constructive possession standard.

*Post-date Board Decision.* Documents created after the Board's decision was issued cannot be included in the RBA. *See Kyhn v. Shinseki*, 716 F.3d 572, 578 (Fed. Cir. 2013) (the Veterans Court is prohibited from considering evidence that was not in the record before the Board). Mr. Conyers has identified 25 documents that fit this bill—E-214, E-215, E-216, E-217, E-218, E-219, E-220, E-221, E-222, E-223, E-224, E-225, E-226, E-227, E-229, E-230, E-231, E-232, E-234, E-239, E-240, E-243, E-244, E-245, E-246. So, these documents won't be included in the RBA.

*In the RBA.* There are five records that Mr. Conyers himself says are already in the RBA—E-101A (R. at 199-445), E-114 (R. at 4143-58), E-117 (R. at 198), E-121 (R. at 4192-93), and E-127 (R. at 178-91). Therefore, these documents also need not be added to the RBA.

*Missing or Incomplete.* There are 26 records that Mr. Conyers claims are missing from or incomplete in the RBA—E-008, E-016, E-017, E-019, E-020, E-022, E-041, E-042, E-045, E-050, E-051, E-054, E-055, E-082, E-083, E-089, E-090, E-091, E-092, E-093, E-094, E-095, E-115, E-116, E-122, E-123. While these documents appear in the RBA, Mr. Conyers says that none of them are complete. However, the Secretary's "counsel [] checked the source documents for all of the items which [Mr. Conyers] has indicated are 'missing pages' and/or are 'not completely depicted in the RBA'" but found that the records identified by the appellant are all in the RBA. Secretary's December 23, 2019, Response. The Secretary's argument is more persuasive here; Mr. Conyers's various arguments about these documents are less than clear. Thus, these 26 records will not be added to the RBA.

### B. *Constructive Possession (113 documents)*

This Court may, "under certain circumstances, consider 'documents that were not literally before an examiner to be constructively part of a claimant's record.'" *Euzebio II*, 989 F.3d at 1318 (quoting *Lang v. Wilkie*, 971 F.3d 1348, 1352-53 (Fed. Cir. 2020) (emphasis omitted)). Evidence is constructively part of a claimant's record when it is "within the Secretary's control" and "could reasonably be expected to be a part of the record" before the Agency. *Id.* "Within the Secretary's control" means the Secretary has actual or constructive knowledge of the documents. *Id.* If evidence was generated by or submitted to VA, the Secretary has constructive knowledge of it. *Lang*, 971 F.3d at 1353-55.

And evidence can "reasonably be expected to be part of the record" if it is relevant and predates the Board's decision. *Euzebio II*, 989 F.3d at 1319 (quoting *Bell v. Derwinski*, 2 Vet.App. 611, 613 (1992)). Relevant evidence is evidence that bears upon the matter at hand, *Forshey v. Principi,* 284 F.3d 1335, 1351-52 (Fed. Cir. 2002); "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," *Hyatt v. Nicholson*, 21 Vet.App. 390, 396 (2007); evidence that tends to prove or disprove a material fact, *AZ v. Shinseki*, 731 F.3d 1303, 1311 (Fed. Cir. 2013); or evidence that bears on the outcome of the case, *see Kisor v. McDonough*, 995 F.3d 1316, 1322 (Fed. Cir. 2020). Conversely, evidence that "simply does not tend to prove a fact that is of consequence to the action[] . . . is not relevant." *AZ*, 731 F.3d at 1311 (quoting 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 401.07 (2d ed. 2012)). Put differently, in the context of constructive possession, the Court asks whether it was reasonable to expect VA to investigate, gather, and consider the evidence at issue. *Varad v. McDonough*, 37 Vet.App. 198, 204-05 (2024).

In summarizing the above caselaw, VA constructively possesses a document when (1) the Secretary has actual or constructive knowledge of the document, (2) the document tends to prove or disprove a material fact, and (3) the document predates the Board decision. As will be explained below, most of the documents identified by Mr. Conyers fail the "relevance and reasonableness" elements of constructive possession as laid out in *Euzebio II*.

Moreover, before turning to the remaining 113 documents, the Court emphasizes that the appellant always bears the burden of persuasion and must "plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's

3

arguments." *Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006) (per curiam), *rev'd on other grounds sub nom. Coker v. Peake*, 310 F. App'x 371 (Fed. Cir. 2008) (per curiam order). Here, although Mr. Conyers has submitted hundreds (if not thousands) of pages disputing the record, he often fails to allege with particularity how many of the documents he identifies meet the "relevance and reasonableness" standard.

### 1. Federal and State Law and Agency Manual Provisions (17)

Mr. Conyers identifies 17 documents pertaining to federal law, state law, and internal Agency manual provisions that he believes should be added to the RBA—E-058, E-059, E-060, E-061, E-062, E-063, E-065, E-070, E-074, E-075, E-098, E-099, E-100, E-102, E-103, E-132, E-238. But however relevant these laws and provisions are to claims for VR&E benefits, they need not be included as evidence in the administrative record in this case.

First, substantive provisions of law are generally not considered evidence. *See Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) ("[A] memorandum of law . . . is not evidence at all."). Moreover, *Euzebio II* made sure to emphasize that not "any and every treatise, text, or medical record must now be part of the administrative record." 989 F.3d at 1321. To be relevant, the documents must still raise a possibility of substantiating the claim for benefits. *Id.* (relying on *AZ*, 731 F.3d at 1311). In other words, the "relevancy limitation allows VA to focus its efforts on obtaining documents that have a reasonable possibility of assisting claimants in substantiating their claims for benefits." *Golz v. Shinseki*, 590 F.3d 1317, 1323 (Fed. Cir. 2010). Here, these laws and rules tell VA how to adjudicate Chapter 31 claims, but these laws and rules do not raise a possibility of substantiating Mr. Conyers's claim for VR&E benefits. The record is intended to be the warehouse of evidence, not of the law. If every claimant's file were to be supplemented with the relevant law, the claims files and development process would become unworkable. The Agency would be overwhelmed if it were required to add all relevant provisions of law to each veteran's claims file. If VA-created laws and guidance are considered constructively before the Agency in *every* case covered by that law or guidance, the Agency would be weighed down in supplementing claims files each time new law or guidance is published. Such a rule would have absurd results.

Further, the Board, this Court, and the Federal Circuit must read and follow the law regardless of whether that law is in the administrative record. And regarding internal manual provisions, the Court must look to those to determine whether the Board was required to address any relevant provisions. *See Overton v. Wilkie*, 30 Vet.App. 257, 264 (2018).

For these reasons, although the information is relevant to Chapter 31 claims generally and predates the Board's decision, there is no reasonable expectation that Mr. Conyer's RBA should contain these provisions of law and Agency guidance.

### 2. Webpages (8)

Mr. Conyers identifies 8 webpages (mostly VA-generated webpages) that he argues should be included in the RBA—E-027, E-028, E-029, E-030, E-031, E-032, E-033, E-034. The webpages

4

are related to the administration of VA's Vocational Rehabilitation Programs and are thus generally relevant to all claims under that program.

But again, the "relevancy limitation allows VA to focus its efforts on obtaining documents that have a reasonable possibility of assisting claimants in substantiating their claims for benefits." *Golz*, 590 F.3d at 1323. So these webpages, although relevant to Chapter 31 claims *generally*, do not have a reasonable possibility of assisting Mr. Conyers in substantiating his Chapter 31 claim. Indeed, Mr. Conyers has not described how these documents are relevant to *his claim* for benefits. *See Coker*, 19 Vet.App. at 442. Moreover, VA webpages are something that the Court can take judicial notice of and, therefore, need not be included in the RBA. *See Monzingo v. Shinseki*, 26 Vet.App. 97, 103 (2012) ("The Court may take judicial notice of facts of universal notoriety that are not subject to reasonable dispute."). However, the Court does not decide right now whether we should take judicial notice of any other type of webpage.

3. Documents from the Eastern District of New York (*Conyers I and II*) (54)

*Conyers I*. Mr. Conyers argues that 26 documents from a lawsuit he filed in the Eastern District of New York against VA (*Conyers v. U.S. Dep't of Veterans Affs.*, No. 16-CV-00013, 2017 WL 722107 (E.D.N.Y. Jan 10, 2017) (*Conyers I*)) are relevant to the instant appeal in this Court—E-125, E-126, E-128, E-129, E-130, E-133, E-134, E-135, E-136, E-137, E-139, E-149, E-150, E-151, E-152, E157, E-158, E-159, E-160, E-183, E-184, E-190, E-198, E-203, E-210, E-211). In that suit, the veteran claimed that VA had improperly collected, maintained, and disseminated his personal information under the Privacy Act.

These 26 documents predate the Board's decision, and VA had actual knowledge of *Conyers I* as it was a party to the action. However, there is no indication that anything in these documents would tend to prove or disprove a material fact pertaining to his claim at this Court. *See AZ*, 731 F.3d at 1311. Thus, these documents have no relevance to this appeal or Mr. Conyers's claim under the Vocational Rehabilitation Program. Indeed, Mr. Conyers does not argue that these documents are relevant to his claim for VR&E benefits. He only argues that VA constructively possessed them because the Secretary had control over them. *See* April 5, 2019, Motion. Constructive possession is not established by showing that the Secretary had control over certain documents that relate to the veteran; the documents must bear some relevance to *the claim* at issue. Accordingly, these 26 documents were not constructively before the Board.

*Conyers II*. He also identifies 28 documents from a second lawsuit that he filed in the Eastern District of New York against VA (*Conyers v. United States*, No. 16-2816, 2018 WL 1157754 (E.D.N.Y. Jan. 31, 2018) (*Conyers II*))—E-138, E-140, E-142, E-143, E-144, E-146, E-147, E-155, E-156, E-163, E-164, E-167, E-168, E-169, E-170, E-171, E-172, E-174, E-181, E-185, E-188, E-189, E-191, E-192, E-202, E-204, E-205, E-207. In that suit, Mr. Conyers alleged that VA committed malpractice while handling his claim for Chapter 31 benefits. Again, VA had actual knowledge of these documents, and they predated the Board decision. But similar to the documents from *Conyers I*, these documents also fail the relevance and reasonableness requirements; there is no reasonable possibility that these documents could assist Mr. Conyers in substantiating his claim for Chapter 31 benefits. *See Euzebio II,* 989 F.3d at 1321. Although he says that these documents have "a specific and direct connection" to his Chapter 31 claim, he does

5

not further support that assertion. April 5, 2019, Motion at 400. Moreover, relevance asks whether the documents relate to a material fact of the claim. There is no such relevance here.

### 4. Documents from the Federal Circuit (*Conyers III*) (19)

Mr. Conyers next identifies 19 documents from a rule challenge he brought at the Federal Circuit under 38 U.S.C. § 502; he believes these documents were constructively before the Board (*Conyers v. Sec'y of VA,* 750 Fed. Appx. 993 (Fed. Cir. 2018) (*Conyers III*)). In *Conyers III*, the veteran challenged two rules VA promulgated within its Vocational Rehabilitation Program; the Federal Circuit rejected his regulatory challenges. Mr. Conyers now contends that 19 documents from *Conyers III* were in VA's constructive possession—such as the Federal Circuit's order granting the Secretary's request for an extension of time to file his brief (E-175), Mr. Conyers's responses opposing the Secretary's request for an extension or request for a stay (E-176, E-197, E-199), entries of appearance (E-145, E-178, E-179), various motions for extensions or stays (E-161, E-165, E-193), court orders either denying or granting procedural motions (E-154, E-166, E-180, E-208), a certified index (E-148), a motion to extend the time to file a brief (E-153), his opening brief (E-162), and a motion for reconsideration (E-178 and E-212).

VA obviously has knowledge of these documents as the Secretary defended the rule challenge. However, these documents fail the relevancy and reasonableness elements. Again, for a document to be constructively before the Board, records must be "'relevant and reasonably connected' to the veteran's claim." *Euzebio II*, 989 F.3d at 1321 (quoting *Lang*, 971 F.3d at 1354). And relevant evidence is evidence that tends "to prove or disprove a material fact." *AZ*, 731 F.3d at 1311. While Mr. Conyers's Federal Circuit appeal challenged rules related to the Vocational Rehabilitation Program, these 19 documents from that appeal would neither prove nor disprove a material fact in this claim for Chapter 31 benefits, especially any of the documents pertaining to procedural motions and rulings. And so, these are excluded from the RBA.

### 5. Documents from this Court (*Conyers IV*) (10)

Mr. Conyers identifies 10 documents related to an appeal from this Court (E-182, E-186, E-187, E-194, E-195, E-196, E-200, E-201, E-206, E-209). *See Conyers v. Shulkin*, No. 17-0027, 2017 WL 1090656 at *1 (Vet. App. Mar. 23, 2017) (*Conyers IV*). In *Conyers IV*, Mr. Conyers filed a petition for a writ of mandamus directing the Secretary to decide his appeal to the Board, arguing that the Secretary improperly docketed and unreasonably delayed his appeal. The Court denied his petition. The Secretary has actual knowledge of the documents in *Conyers IV* as he was a party to that suit. However, these documents, once more, fail relevancy and reasonableness. In *Conyers IV*, the veteran raised arguments about procedural delay of his case before the Agency; here, the merits of a Chapter 31 claim are at issue. But these allegations of unreasonable delay in the administrative appeal were rejected. And allegations of unreasonable delay in the claims process do not tend to prove or disprove material elements of a Chapter 31 claim for benefits. Moreover, the Court can and should take judicial notice of Mr. Conyers's previous cases before this Court and, therefore, need not include those items in the RBA. *See Monzingo*, 26 Vet.App. at 103 ("The Court may take judicial notice of facts of universal notoriety that are not subject to reasonable dispute.").

6

### 6. Remaining Records (5)

*E-053*. Mr. Conyers describes this record as an April 25, 2014, Congressional Inquiry to United States Senator Kristen Gillibrand, as submitted to the New York Regional Office, regarding "[his] claim for program of Chapter 31 benefits, services, and assistance." April 5, 2019, Motion at 173. The Secretary contends that the general response letter from Senator Gillibrand contains no "reference to the specific issues that [Mr. Conyers] brought to her attention" and, thus, "should be excluded because there is no evidence that VA had possession of this letter or constructive notice of it or that it is relevant to this appeal." Secretary's July 8, 2019, Response at 4. The Secretary's argument is persuasive. He attests that it was never submitted to VA, and Mr. Conyers has not raised any argument or evidence (aside from his own assertions) that the letter was submitted or that VA would otherwise have constructive knowledge of the letter. Thus, there is no constructive possession.

*E-119*. Mr. Conyers contends that he submitted a statement to the Agency in November 2015 pertaining to his claim under the Federal Tort Claim Act (FTCA) that was brought in the Eastern District of New York. April 5, 2019, Motion at 355. The Secretary argues that this is "an undated 92-page complaint or document containing legal argument composed by Appellant without any indication that it was ever in VA possession." Secretary's July 8, 2019, Response at 5. Again, the Court is persuaded by the Secretary's argument. The Secretary made good faith efforts to ensure that any documents identified by the appellant that were submitted to VA were in the claims file, and Mr. Conyers has not provided any argument or evidence (aside from his assertions) that such evidence was submitted. Moreover, to the extent that this document was submitted to the Eastern District of New York as part of the veteran's FTCA lawsuit, constructive possession does not attach as explained in Section I.B.3.

*E-173*. Mr. Conyers contends that he submitted documents to the Board that are "associated with [a] November-December 2016 correspondence associated with Congressional Inquiry United States Representative Kathleen RICE." April 5, 2019, Motion at 478. The Secretary contends that Mr. Conyers did not present a copy of these documents to him, so he "cannot include it in the RBA or explain why it should be excluded." Secretary's July 8, 2019, Response at 5. Because the Secretary made good faith efforts to ensure that any documents identified by the appellant that were submitted to VA were in the claims file, and Mr. Conyers has not provided any argument or evidence (aside from his assertions) that such evidence was submitted, the Court concludes that it was not submitted. More importantly, as mentioned earlier, it is well settled that the appellant always bears the burden of persuasion in this Court and must "plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments." *Coker*, 19 Vet.App. at 442. Due to the veteran's vague description of "associated documents," the Court cannot conclude that he has met his burden of persuasion and that the alleged document should have been included in the RBA, including by way of constructive possession.

*E-213 & E-237*. The appellant contends that the Board relied on a document that does not exist—a "Purported Preliminary Business Plan." April 5, 2019, Motion at 575, 655. He says that "he never submitted a business plan, 'preliminary' or otherwise." *Id.* at 476, 657. Indeed, the Board said that Mr. Conyers "provided a preliminary business plan, indicating that he wished his [cabaret

style bar and restaurant] to be located in New York." R. at 6. It seems apparent that, although Mr. Conyers did not title a document named "preliminary business plan," the Board was generally referring to his submissions that have included details for his plan to open a cabaret-style bar and restaurant. Regardless, if the Board indeed relied on a document that was never submitted or does not even exist, then there is no document to be added to the administrative record. The Court will not direct the Agency to find a document that does not exist or was never submitted. If the Board relied on an allegedly nonexistent record, that is a matter that should have been raised in the merits stage.

## II. RULES OF PRACTICE AND PROCEDURE

Mr. Conyers has passionately represented himself in this appeal, and the Court acknowledges the time and effort he's put into preparing his pleadings. However, they are numerous and extensive. For instance, for this RBA dispute, the veteran filed several motions totaling hundreds (if not thousands) of pages—one motion is 664 pages. *See* April 5, 2019, Motion. The Court recognizes that the veteran was granted permission to file pleadings in excess of the page limits allowed by the Court's Rules. However, the Court will no longer extend that permission.

Length requirements for pleadings are required primarily to aid in judicial efficiency and assist the Court in adjudicating *all* appeals and petitions in a timely manner. Moreover, clarity "increases both administrative and judicial efficiency." *Carter v. Shinseki*, 26 Vet.App. 534, 541 (2014), *vacated on other grounds sub nom. Carter v. McDonald*, 794 F.3d 1342 (Fed. Cir. 2015). The Court must insist on strict compliance with its rules as it ensures judicial efficiency and a level playing field. *See Friedsam v. Nicholson*, 20 Vet.App. 97, 97 (2006) (per curiam order) (citing *In re Violation of Rule 28(c)*, 388 F.3d 1383, 1385 (Fed. Cir. 2004)).

Mr. Conyers's numerous and extensive filings have impeded, rather than promoted, judicial efficiency. Excessive filings have created avoidable delay in this and other cases. Moving forward, any filings in this appeal must conform to this Court's Rules of Practice and Procedure. "[I]f the Court receives any document that does not conform to [the Court's] Rules, the Clerk will receive, but not file, the submission." U.S. VET. APP. R. 45(j). Thereafter, "the Clerk will promptly notify the party of the defect(s) to be corrected and may, in accordance with guidance from the Court, stay proceedings for a reasonable time in order to permit submission of a conforming document." *Id.* "*Failure to submit such conforming document in a timely manner may result in dismissal of the matter.*" *Id.* (emphasis added). Moreover, "[f]ailure to take any step under [the Court's] Rules, or to comply with an order of the Court, may be grounds for such action as the Court deems appropriate, including dismissal of the appeal or assessment of costs." U.S. VET. APP. R. 38(b).

## III. CONCLUSION

Accordingly, it is

ORDERED that Mr. Conyers's motion disputing the contents of the RBA is denied. It is further

ORDERED that Mr. Conyers' August 2, 2024, motion for clarification is denied as moot. Last, it is

ORDERED that, under part V(e)(1) of the Court's Internal Operating Procedures, this case has been returned to the undersigned Judge for resolution of the underlying appeal.


DATED: January 8, 2025                                    PER CURIAM.


Copies to:

Vincent Curtis Conyers

VA General Counsel (027)

9